**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Marvin Martin YOUNG, Defendant-
Appellant.**

**No. 72-1373.**

United States Court of Appeals,
Sixth Circuit.

Nov. 29, 1972.

George W. Carpenter, Chattanooga,
Tenn., for defendant-appellant.

Carl P. McDonald, Asst. U. S. Atty.,
John L. Bowers, U. S. Atty., Chattanooga, Tenn., W. Lloyd Stanley, Jr., Edward
E. Wilson, Asst. U. S. Attys., Knoxville,
Tenn., on brief, for plaintiff-appellee.

Before McCREE and KENT, Circuit
Judges, and WELLFORD, District
Judge.*

PER CURIAM.

This is an appeal from a conviction
after a trial by jury. The appellant was
charged with receiving and concealing a
motor vehicle moving in interstate commerce with knowledge that the vehicle
had been stolen, in violation of Title 18
U.S.C. § 2313.

Appellant's first trial ended on December 8, 1971, with the jury deadlocked,
six for conviction and six for acquittal.
On December 15, 1971, appellant moved
for a transcript of the testimony offered
on the first trial, and for a transcript of
the preliminary examination.

At the opening of the second trial,
which commenced on December 23, 1971,
the trial judge, in denying appellant's
request for a transcript of the first trial
and of the preliminary examination,
stated:

> "I am of the opinion that the motion should be denied. The counsel
> was present at the hearing on that
> date to request that the full transcript
> be prepared in connection with that
> trial, and without specifying what
> portion was desired or how you desired it and intended to use it. I am
> of the opinion that the motion should
> be denied."

The second trial resulted in the conviction from which this appeal is taken.

As pointed out by Mr. Justice Marshall in Britt v. North Carolina, 404 U.
S. 226, 227, 92 S.Ct. 431, 433, 30 L.Ed.2d
400 (1971):

> "Griffin v. Illinois [1] and its progeny
> establish the principle that the State

---

* Honorable Harry W. Wellford, United
  States District Judge, Western District
  of Tennessee, sitting by designation.

1. Griffin v. Illinois, 351 U.S. 12, 76 S.Ct.
   585, 100 L.Ed. 891 (1956).

must, as a matter of equal protection, provide indigent prisoners with the basic tools of an adequate defense or appeal, when those tools are available for a price to other prisoners. While the outer limits of that principle are not clear, there can be no doubt that the State must provide an indigent defendant with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal." [Citations omitted].

By an order entered on March 9, 1972, the trial court, in granting the motion for a transcript for purposes of appeal, commented upon the denial of the transcript of the first trial at the outset of the second trial as follows:

"The Court remains of the opinion that under the circumstances of this case there was no error in denying the defendant a transcript of the preliminary hearing or first trial at government expense and for use upon the second trial. The two trials were conducted just two weeks apart. The defendant was represented by the same counsel at all times. The reporter was available to read back at any time any portion of the first trial that might have been requested or deemed relevant. There were only three witnesses who testified in both trials, the Government having used four additional witnesses on the second trial which it did not use on the first trial. Of the three witnesses who testified in both trials, there was no material variance in their testimony. Under the foregoing circumstances this Court remains of the opinion that no error was committed in denying the defendant's motion for a transcript at government expense. Moreover, in light of the clear and overwhelming evidence of the defendant's guilt, this Court is of the opinion that any error in denying the transcript was harmless beyond a reasonable doubt. Chapman v. California, 386 U.S. 18, 87 S. Ct. 824, 17 L.Ed.2d 705 (1967)." App., pp. 2a–3a.

We are of the opinion that the Supreme Court in *Britt* rejected the basis for the trial court's comments in this case. The Court said at 404 U.S. at 229, 92 S.Ct. at 434:

"We have repeatedly rejected the suggestion that in order to render effective assistance, counsel must have a perfect memory or keep exhaustive notes of the testimony given at trial. Moreover, we doubt that it would suffice to provide the defendant with limited access to the court reporter during the course of the second trial. That approach was aptly rejected as 'too little and too late' in United States ex rel. Wilson v. McMann, 408 F.2d 896, 897 (CA 2 1969)."

As we read *Britt* a narrow exception to the rule laid down by *Griffin* and its progeny has been carved out by the Supreme Court. As pointed out by Mr. Justice Marshall at 404 U.S. at 230, 92 S.Ct. at 435:

"A defendant who claims the right to a free transcript does not, under our cases, bear the burden of proving inadequate such alternatives as may be suggested by the State or conjured up by a court in hindsight. In this case, however, petitioner has conceded that he had available an informal alternative which appears to be substantially equivalent to a transcript."

In the instant case appellant's counsel has not conceded that he had such "informal alternative." The record does not reflect that the trial court made any reference to the availability of the court reporter to read back the testimony on the first trial until the order of March 9, 1972, entered almost three months after the conclusion of the second trial. We point out that the motion for a transcript of the first trial and the preliminary examination was not ruled upon until the opening of the second trial, recognizing that there was a period of only one week which elapsed between the time of the filing of the motion for the transcript and the time the ruling was made. It would appear that appellant

was in the same position as the appellant in United States ex rel. Wilson v. McMann, 408 F.2d 896 (2nd Cir. 1969), and that under the best of circumstances he could have had only limited access to the court reporter during the course of the second trial.

In his order of March 9, 1972, the trial judge recited that after reviewing his trial notes of both trials, "there appears to have been no discrepancy in the testimony of witnesses upon the two trials." Trial lawyers and trial judges have long recognized that a transcript of prior testimony is a very useful tool in mounting an attack upon the credibility of witnesses. While the trial judge may have found no discrepancies we cannot from that conclude that there would have been no material available in the transcript which counsel could have found useful in the defense of this appellant. We are of the opinion that the exception carved out in *Britt* is not applicable to this case, and we cannot say that the lack of a transcript of prior proceedings was as a matter of law lacking in prejudice to this appellant.

The conviction of the appellant will be reversed and the case remanded to the District Court for further proceedings.

WELLFORD, District Judge * (dissenting).

The trial judge did not direct that a transcript be prepared for the defendant after the original trial December 8, 1971, (resulting in a mis-trial) since the matter was re-set for a prompt hearing with the same lawyer representing the defendant for December 23, 1971. The defendant's request for transcript at government expense was made December 15, 1972, indicating desire for delay, since there was no designation as to what parts were desired or needed in light of so recent a trial with only three government witnesses having appeared to testify.

The trial judge set out in his order that transcript had been denied because the reporter was available to read back at any time any portion of the first trial that might have been requested or deemed relevant. There were only three witnesses who testified at both trials ". . . [and] there was no material variance in their testimony". As was noted in Britt v. North Carolina, 404 U. S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971), this situation would seem to fit within the exception to the rule requiring transcript to an indigent defendant where there is "availability of adequate alternatives to a transcript". The second trial was before the same judge, with the same counsel, and the same court reporter, and the two trials were only two weeks apart. We do not know whether a complete transcript could ever have been available even to a non-indigent defendant within the time specified for the second trial, but it is indicated that the government had no benefit of a transcript; no advantage over the defendant in this regard. We would affirm the lower court under what we conceive to be the spirit and authority of *Britt, supra.* We do not ascribe to this situation that the alternative which is determined to have existed here to defendant and his counsel was merely "conjured up by a court in hindsight".

Nor do we feel that this case necessarily is determined by the Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L. Ed. 891 (1956), principle that "there can be no equal justice where the kind of trial a man gets depends on the amount of money he has". (p. 19, 76 S. Ct. p. 591). We cannot assume that a wealthy defendant under these circumstances could or would have been furnished a transcript of the first trial proceedings. Finally, the evidence presented to the jury which returned the guilty verdict was clear and convincing as to defendant's guilt. If there were error in denial of the transcript, we feel it was harmless error. We do not find

* Honorable Harry W. Wellford, United States District Judge, Western District of Tennessee, sitting by designation.

that the denial of transcript under the peculiar circumstances affected the "substantial rights" of defendant Young or that "there was a reasonable possibility" that the error complained of contributed to the conviction. Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). We therefore respectfully dissent from the per curiam opinion.