**UNITED STATES of America, Plaintiff-Appellee,**

v.

**David BUENO, Defendant-Appellant.**

**No. 72-1777**
**Summary Calendar.**\*

United States Court of Appeals, Fifth Circuit.

Dec. 8, 1972.

James L. Gallagher, - El Paso, Tex. (court-appointed), for defendant-appellant.

William S. Sessions, U. S. Atty., Joel D. Conant, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

After three trials and one appeal David Bueno once again appeals from his conviction on two counts of selling heroin and two counts of knowingly receiving, concealing, and facilitating transportation and concealment of narcotic

---

\* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al., 5 Cir. 1970, 431 F.2d 409, Part 1.

drugs in violation of 21 U.S.C. § 174 and 26 U.S.C. § 4705. Bueno's first trial resulted in a verdict of guilty on all counts. This Court on appeal reversed and remanded for a new trial. United States v. Bueno, 5 Cir. 1971, 447 F.2d 903. Bueno's subsequent trial resulted in a mistrial. After a third trial in April 1972 the jury again returned a verdict of guilty on all counts. We affirm the conviction.

■ Bueno's contentions on this appeal pertain primarily to the role of Ike Saavedra, a government informer who testified against him. Bueno argues that the government has failed to disprove his testimony that Saavedra furnished him with heroin and therefore entrapped him into committing the offenses charged. At the first trial the government challenged Bueno's credibility but introduced no evidence to rebut this testimony. On appeal this Court held that Bueno's testimony, if uncontradicted, constituted a good defense of entrapment as a matter of law. 447 F.2d at 906. On retrial, however, the government called Saavedra as a witness, and he proceeded to contradict Bueno's testimony as to entrapment. This raised a question of fact for the jury to determine. United States v. Del Toro, 5 Cir. 1970, 426 F.2d 181; United States v. Prieto-Olivas, 5 Cir. 1969, 419 F.2d 149; Velez v. United States, 5 Cir. 1968, 397 F.2d 789; Kivette v. United States, 5 Cir. 1956, 230 F.2d 749, cert. denied, 1958, 355 U.S. 935, 78 S.Ct. 419, 2 L. Ed.2d 418. We see no reason to disturb the jury's finding. We note, moreover, that Saavedra's testimony was corroborated in several particulars. One government witness testified that neither Saavedra nor Bueno appeared to have taken heroin prior to the two sales in question, supporting the testimony of Saavedra and refuting that of Bueno. Another witness corroborated Saavedra and contradicted Bueno by testifying that a "shooting gallery," where addicts used narcotics, was closed.

■ Bueno next contends that the trial court erred in refusing to order a transcript of his 1971 trial, which ended in a mistrial. He maintains that he was therefore unable to expose material inconsistencies in the testimony of Customs Agent Diaz, a government witness. But Bueno had a considerable amount of material available for impeachment. He had a transcript of the 1969 trial at which Agent Diaz testified. Moreover, the record shows that counsel for Bueno frequently and extensively questioned Diaz about his testimony at the 1971 mistrial. Nor was Bueno prejudiced by the denial of the right to have two witnesses depose or be present at the 1971 mistrial, since the record shows that their testimony would merely have been cumulative. Refusal to order a transcript of the 1971 mistrial was therefore not reversible error. See United States v. Carella, 2 Cir. 1969, 411 F.2d 729, cert. denied sub nom. Erhart v. United States, 1969, 396 U.S. 860, 90 S.Ct. 131, 24 L.Ed.2d 112. United States v. Chapman, 5 Cir. 1971, 451 F.2d 1327, is distinguishable. There the government's case depended on the testimony of one witness, who testified extensively at the earlier mistrial. Here the government's major witness, Saavedra, did not testify at the mistrial.

■ Bueno finally argues that his sentence must be reduced to give him credit for time spent in custody prior to sentencing. There is no merit to this contention. Before sentencing Bueno was in custody not on federal charges but for burglary and other state charges unrelated to the federal charges. See Chaplin v. United States, 5 Cir. 1971, 451 F.2d 179; Howard v. United States, 5 Cir. 1970, 420 F.2d 478.

The judgment of the district court is affirmed.