**Grady Wigfall MARTIN,
Petitioner-Appellee,**

v.

**James ROSE, Warden, Tennessee State Penitentiary, Respondent-Appellant.**

No. 75-1373.

United States Court of Appeals,
Sixth Circuit.

Argued June 13, 1975.

Decided Oct. 23, 1975.

R. A. Ashley, Jr., Atty. Gen. of Tenn., Bart Durham, III, Asst. Atty. Gen., Nashville, Tenn., for respondent-appellant.

Grady Wigfall Martin, Jerry H. Summers, Chattanooga, Tenn., for petitioner-appellee.

Before EDWARDS and CELEBREZZE, Circuit Judges, and CECIL, Senior Circuit Judge.

---

EDWARDS, Circuit Judge.

In this case the state appeals from the District Judge's grant of a writ of habeas corpus pertaining to petitioner-appellee's conviction for bank robbery in a Tennessee state court. The petitioner-appellee had been tried previously in federal court for the same offense of bank robbery and had been acquitted. Prior to his state court trial for the identical bank robbery, he sought and was denied a transcript of his federal court trial. In the state court trial he was convicted and sentenced to 30 years.

■ The requirement of provision of a transcript in the circumstances described above is set out clearly in *Britt v. North Carolina*, 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971). As a consequence we have no doubt that error of constitutional magnitude was committed in the state court proceedings.

It is the state's contention, however, that this constitutional error should be measured against the *Chapman* standard, *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), wherein the Supreme Court held that some constitutional errors might be deemed harmless if the court could hold that the constitutional error was "harmless beyond a reasonable doubt." The state relies upon *United States v. Bamberger*, 482 F.2d 166 (9th Cir.), *cert. denied*, 414 U.S. 1041, 94 S.Ct. 543, 38 L.Ed.2d 332 (1973), where the Ninth Circuit did apply the *Chapman* rule.

Our consideration of this appeal starts with the language of the majority of the Supreme Court in *Britt v. North Carolina, supra:*

> We agree with the dissenters that there would be serious doubts about the decision below if it rested on petitioner's failure to specify how the transcript might have been useful to him. Our cases have consistently recognized the value to a defendant of a transcript of prior proceedings, without requiring a showing of need tai-

lored to the facts of the particular case.[3] As Mr. Justice Douglas makes

[3] In *Griffin*, the Court was able to rely on a concession of need by the State, 351 U.S., at 13–14, 16, 76 S.Ct., at 588, 589. In subsequent cases the Court has taken judicial notice of the importance of a transcript in a variety of circumstances, see *Eskridge* [v. Washington State of Prison Terms and Paroles], *supra*, 357 U.S., at 215, 78 S.Ct., at 1062; *Gardner, supra*, 393 U.S., at 369–370, 89 S.Ct., at 582–583. Most recently in *Long* and *Roberts* the Court simply found it unnecessary to discuss the question, notwithstanding the fact that in *Roberts* Mr. Justice Harlan argued in dissent that petitioner had suggested no use to which the transcript could have been put, 389 U.S., at 43, 88 S.Ct., at 196.

clear, even in the absence of specific allegations it can ordinarily be assumed that a transcript of a prior mistrial would be valuable to the defendant in at least two ways: as a discovery device in preparation for trial and as a tool at the trial itself for the impeachment of prosecution witnesses. *Britt v. North Carolina, supra*, 404 U.S. at 228, 92 S.Ct. at 434.

*See also Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956).

The majority opinion in *Britt* in affirming the conviction relied upon the fact that an adequate alternative to the transcript sought there had been available to the accused. It appears to us that the decision of the Ninth Circuit rests basically upon somewhat similar facts—although we recognize that the Court did also term refusal of the transcript to be harmless error.

Our circuit in *United States v. Young*, 472 F.2d 628 (6th Cir. 1972), enforced the strictures of the *Britt* case finding no satisfactory substitutes there for the furnishing of the transcript. *See also, United States ex rel. Wilson v. McMann*, 408 F.2d 896 (2d Cir. 1969).

As we read *Britt*, it calls for consideration of two factors:

> *Griffin v. Illinois* and its progeny establish the principle that the State must, as a matter of equal protection, provide indigent prisoners with the basic tools of an adequate defense or ap-

peal, when those tools are available for a price to other prisoners. While the outer limits of that principle are not clear, there can be no doubt that the State must provide an indigent defendant with a transcript of prior proceedings, when that transcript is needed for an effective defense or appeal. The question here is whether the state court properly determined that the transcript requested in this case was not needed for an effective defense.

In prior cases involving an indigent defendant's claim of right to a free transcript, this Court has identified two factors that are relevant to the determination of need: (1) the value of the transcript to the defendant in connection with the appeal or trial for which it is sought, and (2) the availability of alternative devices that would fulfill the same functions as a transcript.

*Britt v. North Carolina, supra,* 404 U.S. at 227, 92 S.Ct. at 433. (Footnotes omitted.)

■ We find herein no suggestion of the availability of alternative devices to take the place of a transcript. Furthermore, we can think of no more valuable document for defense counsel approaching a contested trial than the record of the previous trial of his client for the exact same crime with which he is charged again before the court of another sovereign. We cannot conceive of a competent lawyer for an affluent client who would not order a trial transcript under such circumstances. The District Judge in our instant case has already expressed similar views. Under these circumstances we believe the remand of this case to the District Court for a determination of "harmless error" would be a useless gesture. By so ruling under the facts of this case, we do not, however, establish a per se rule that excludes trial court consideration of harmless error in any and all cases involving denial of free transcripts. *See United States v. Bueno,* 470 F.2d 154 (5th Cir. 1972), *cert. denied,* 411 U.S. 949, 93 S.Ct. 1931, 36 L.Ed.2d 411 (1973); *United States v. Carella,* 411 F.2d 729 (2d Cir.), *cert. denied,* 396 U.S. 860, 90 S.Ct. 131, 24 L.Ed.2d 112 (1969); *United States ex rel. Gilliard v. LaVallee,* 376 F.Supp. 205 (S.D.N.Y.1974).

The judgment of the District Court in issuing the writ of habeas corpus is affirmed.