PER CURIAM.
The appellant was found guilty by a jury in Count I of the sale of delivery of a controlled substance and in Count II of the possession of a controlled substance. He was sentenced to one year in the state prison on both counts. On this appeal, he raises three points. The first urges that because a mistrial was ordered and the court immediately began the retrial, he was, therefore, deprived of a valuable right in being denied sufficient time to have the testimony in the first trial transcribed so that it could be used for impeachment. Appellant’s second point was expressly waived at oral argument. The third point claims *1195 that the judgment of guilty on the first count for delivery or sale cannot stand because it is duplicitous. In addition, it is urged that the sentence is illegal because the sale and the possession were parts of the same transaction.
We hold that the first point, claiming a right to continuance because of the mistrial, does not present reversible error. No case cited, nor any case that we know of, holds that a defendant should secure an advantage because of a mistrial he himself moved for. Defendant could not have had a transcript at his first trial prior to the questioning of the first witnesses and, therefore, there is no reason that it should be necessary to provide him with time to have one made prior to his second trial. Of course, if the transcript had been in existence, the denial of the use of the transcript at the second trial might be error. Cf. Britt v. North Carolina, 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971); and Martin v. Rose, 525 F.2d 111 (6th Cir. 1975). The aim of the courts is for a prompt disposition of the cases ready for trial. In the absence of any showing of prejudice to a defendant, the trial court is to be commended for its prompt handling of the retrial of criminal causes.
Appellant’s third point claims duplicity in that he was charged and found guilty by the jury in Count I of two separate offenses: (1) delivery of a controlled substance and (2) sale of a controlled substance. The statute under which defendant was charged and found guilty is Section 893.13, Florida Statutes (1975). This statute uses the language “sell ... or deliver.” It appears from a reading of the statute that it does not create two separate offenses, but creates one offense which may be proved in two ways. If appellant had felt that he was in any way prejudiced by the information which was in the language of the statute, he could have moved for particulars or could even have requested an election if he had construed the statute as including two offenses. Neither course was taken in this case and the verdict and judgment are, therefore, without error.
The sentence was upon both counts: (1) delivery or sale of a controlled substance and (2) possession of a controlled substance. The sale and possession were part of the same transaction. The sentence should, under such circumstances, be amended to show that it is upon the count charging the higher offense, in this case the sale. Therefore, we affirm the judgments but remand the cause with directions to modify the sentence in accordance with this opinion. See Yost v. State, 243 So.2d 469 (Fla. 3d DCA 1971).