Douglas L. McALLISTER, Appellant,

v.

Sam P. GARRISON, Warden, Central Prison, Appellee.

No. 77–1419.

United States Court of Appeals, Fourth Circuit.

Argued Aug. 8, 1977.

Decided Jan. 25, 1978.

---

1. Note 8:

**814**

Marvin Schiller, Raleigh, N. C., for appellant.

Richard N. League, Asst. Atty. Gen., Raleigh, N. C. (Rufus L. Edmisten, Atty. Gen. of N. C., Joan H. Byers, Associate Atty. Gen., Raleigh, N. C., on brief), for appellee.

Before RUSSELL, WIDENER and HALL, Circuit Judges.

WIDENER, Circuit Judge:

Douglas McAllister, appealing from the dismissal of his petition for a writ of habeas corpus, asks this court to extend the principle of *Britt v. North Carolina,* 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971), to require that he be furnished a transcript of a prior, unrelated trial to assist in the defense of a second prosecution for forgery. We decline to so extend *Britt* and affirm.

McAllister was convicted of two offenses of forgery and uttering, in April 1974. Before the trial, McAllister's attorney sub-

mitted a written motion requesting a transcript of a former trial, held in February 1974, in which he was acquitted of forgery and uttering. While the earlier charges involved the incidental use of the same checking account McAllister had opened at a bank, as did those now considered, the trials did not involve other similar facts. However, McAllister argues that he desired the transcript for possible use in the impeachment of two prosecution witnesses who were common to the cases.[1]

We reject appellant's argument, that the state was compelled by *Britt v. North Carolina,* 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971), to provide him with the transcript. *Britt* dealt with the request for a transcript of the first trial after mistrial. See also *United States v. Jonas,* 540 F.2d 566 (7th Cir. 1976). It has been applied in *Martin v. Rose,* 525 F.2d 111 (6th Cir. 1975), to require a transcript of a prior federal trial for bank robbery when the defendant was being tried for the same bank robbery under state law in a state court. However, that case has not been extended to require a state to provide a transcript of a trial on a different charge involving different transactions.

*Britt* identifies two factors the court considers relevant in cases involving an indigent defendant's claim to a free transcript. They are: the value of the transcript to the defendant in connection with the appeal or trial for which it is sought, and the availability of alternate devices that would fulfill the same functions as the transcript. We think that other courts also should consider those same factors in making their determination as to the right to a free transcript.

---

1. A part of McAllister's motion for the production of the transcript reads:

    "7. That a transcript of the trial of defendant held on February 12 and 13, 1974, in case number 73 CR 18701 is necessary to the defendant and his counsel for the following reasons:

    A. To utilize as a tool for impeachment of State's witnesses at future trials of the defendant;

    B. To utilize as a tool for discovery;

    C. To establish that any future trial of the defendant should be barred on the principle of collateral estoppel contained in the double jeopardy clause of the Fifth Amendment to the Constitution of the United States, applicable to the States through the Fourteenth Amendment;"

    The reasons relating to discovery and impeachment of witnesses are self evident. Those concerning collateral estoppel have not been pressed and are unexplained.

The reasons given in the motion requesting the free transcript were that a detective Parham and a bank employee named Paula Zion had testified in McAllister's first trial and would be witnesses in the second. But the trial judge was not advised of any common testimony they might give.

The witness Zion knew nothing about the forged checks involved in either trial and testified only in both trials that she opened a bank account for McAllister in the name of James Jones, a fact which McAllister freely admitted in his testimony. It was not claimed at the time of McAllister's second trial, nor is it claimed now, that anything Paula Zion testified to in the second trial was inconsistent with her testimony in the first or was ever sought to be contradicted in any manner.

Detective Parham's substantive testimony related only to a statement McAllister had made to him about the checks involved in the second trial. The record does not show, and no claim was made at the time or is now made, that any of Parham's substantive testimony at the two trials concerned common facts.

It is true that *Britt,* 404 U.S. p. 228, 92 S.Ct. 431, recites that in the case of a prior mistrial it can ordinarily be assumed that a transcript would be valuable both as a discovery device and as a tool for the impeachment of prosecution witnesses, and also that the prisoner does not have to bear the burden of proving inadequate any alternatives to a transcript as may be suggested by the state or as conjured up by a court in hindsight. But there is nothing in *Britt* which requires a trial court to procure for a prisoner a free transcript of a separate, unrelated trial unless the prisoner has made a reasonable demonstration in the trial court that the transcript will be of some value in the ongoing trial. This McAllister has not done, and we have referred to the testimony of Parham and Paula Zion only to indicate that it has in fact turned out that the transcript would have been of no value to McAllister had he obtained it, which undoubtedly accounts for the fact that his attorney made no representation to the trial judge of any use he could make of the transcript other than the fact that there were common witnesses.

This matter was considered by the North Carolina Supreme Court on direct appeal in the criminal case in *State v. McAllister,* 287 N.C. 178, 214 S.E.2d 75 (1975). That court determined that *Britt* did not apply because there was no indication that McAllister's attorney had made any effort to obtain the information which he desired through other methods, such as a personal contact with the court reporter as suggested in *Britt.* It is true that the attorney was the same in both criminal trials, and they were both tried in the same court in Durham County, circumstances present in *Britt.* It is also true that the North Carolina court is undoubtedly more familiar with procedures in courts in that state than are we and was thus justified in basing its opinion on failure to comply with available alternatives as held in *Britt.* Its opinion being delivered in writing, and thus presumed to be correct, absent any showing that it is erroneous, 28 U.S.C. § 2254(d), we might be justified in affirming for the reasons given by that court. Nevertheless, as we are not especially familiar with ordinary court procedures in North Carolina, we do not base our ruling on the opinion of the North Carolina Supreme Court, but rather on the principle that in a second trial for a distinct offense which occurred at a separate time, although there may be two common witnesses in the cases, a defendant must make a reasonable showing of what value the transcript of the prior trial would be before he is entitled to it. This McAllister has not done.

The judgment of the district court is accordingly

AFFIRMED.