UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                              No. 01-4181

ANTWYNE LUCAS,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Graham C. Mullen, Chief District Judge.
(CR-99-77)

Submitted: March 21, 2003

Decided: April 3, 2003

Before WILKINSON, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

David G. Belser, BELSER & PARKE, P.A., Asheville, North Carolina, for Appellant. Robert J. Conrad, Jr., United States Attorney, Jerry W. Miller, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Antwyne Lucas appeals his conviction for possession of a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1) (2000). Lucas does not challenge his conviction for engaging in misbehavior in the presence of the court and thereby obstructing justice, in violation of 18 U.S.C. § 401(1) (2000). The district court sentenced Lucas to seventy months of imprisonment, to be followed by a three-year term of supervised release. Finding no error, we affirm.

On December 18, 1997, Detective Tammy Endicott of the Shelby (North Carolina) Police Department approached Lucas after observing what she believed to be a drug transaction. Detective Endicott did not find any drugs, but a pat down of Lucas revealed a plastic bag containing ammunition. Detective Endicott also recovered a .40 caliber handgun that was lying on the ground approximately five feet away. Lucas was arrested and charged with carrying a concealed weapon. He posted bond and was released the same day. The next day, in an effort to cooperate with police, Lucas provided information into the drug activities of two individuals police had been investigating.

Thereafter, Lucas became a fugitive until he was arrested in April 1999 in Rhode Island. Additional state charges for possession of a stolen firearm and possession of a firearm by a convicted felon were added to Lucas's charge for carrying a concealed weapon. Lucas was also indicted on a federal charge of conspiracy to distribute a controlled substance based on the information he provided to police after his arrest in North Carolina. He was acquitted on the federal drug charge on July 7, 1999. After his acquittal, on August 4, 1999, Lucas was indicted on a federal charge of being a felon in possession of a firearm; his conviction on this charge is the subject of this appeal. The state firearm charges were subsequently dismissed in favor of the federal charge.

First, Lucas contends that the district court erred in denying his motion to dismiss the indictment because pre-indictment delay and prosecutorial vindictiveness violated his due process rights. This court

reviews the district court's factual findings underlying a motion to dismiss an indictment for clear error, and the district court's legal determinations de novo. *United States v. Brandon*, 298 F.3d 307, 310 (4th Cir. 2002); *United States v. Burns*, 990 F.2d 1426, 1435 (4th Cir. 1993). To determine whether pre-indictment delay violates the Due Process Clause of the Fifth Amendment, this court must examine: (1) whether defendant can show that he has suffered any actual, substantial prejudice; and (2) if so, whether the reasons for the delay justify the prejudice to the defendant. *United States v. Automated Med. Labs., Inc.*, 770 F.2d 399, 403-04 (4th Cir. 1985). Because Lucas failed to present evidence of any actual and substantial prejudice due to the pre-indictment delay, we find that the delay did not amount to a due process violation.

To establish prosecutorial vindictiveness, a defendant must show that the prosecutor acted with genuine animus toward the defendant, and the defendant would not have been prosecuted but for that animus. *United States v. Wilson*, 262 F.3d 305, 314 (4th Cir. 2001), *cert. denied*, 122 S. Ct. 1908 (2002). If the defendant is unable to prove an improper motive with direct evidence, he may still present evidence of circumstances from which an improper vindictive motive may be presumed. *Id*. To invoke such a presumption, a defendant must show that the circumstances "pose a realistic likelihood of 'vindictiveness.'" *Blackledge v. Perry*, 417 U.S. 21, 27 (1974). In reviewing a claim that a prosecutor's initial decision to prosecute was vindictive, the charging decision is afforded a presumption of lawfulness. *United States v. Armstrong*, 517 U.S. 456, 464 (1996).

Lucas contends that the Government indicted him on the firearm charge solely because he had secured an acquittal on the drug conspiracy charge. As evidence of genuine animus, he points to statements made by Agent Charles Daley from the Federal Bureau of Investigation. When asked if he knew why the Government did not bring the firearm charge at the same time as the drug charge, Agent Daley testified that "at the time we did not expect to lose the case." In addition, Agent Daley testified that he had a conversation with Lucas in the courthouse just after his acquittal on the drug charge and stated to Lucas at that time that they "would be seeing each other again."

Even assuming that Agent Daley harbored some animus towards Lucas, this court does not "impute the unlawful biases of the investi-

gating agents to the persons ultimately responsible for the prosecution." *United States v. Hastings*, 126 F.3d 310, 314 (4th Cir. 1997). Furthermore, the Government has provided rational explanations for its pursuit of the firearm charge. The Government explained that it decided to pursue the firearm charge because of the interstate aspect of Lucas's flight. Although there were pending state firearm charges at the time of Lucas's acquittal of the drug charge, the state had not lodged a detainer against Lucas, and the state charges had been removed from the National Crime Information Center ("NCIC") records. After his acquittal, Lucas contacted both the FBI and the prosecutor and indicated that he was going to or had arrived from Georgia. It was rational for the Government to conclude that Lucas was a flight risk, and that he might not be held accountable for his criminal conduct in the state system. Consequently, we find that Lucas failed to meet the heavy burden of showing that prosecutorial vindictiveness was the sole reason for the indictment.

Alternatively, Lucas contends that the circumstances in his case support a presumption of vindictiveness and thus shifts to the Government the burden of justifying its conduct. This court has stated that a presumption of vindictiveness typically arises where a defendant's successful appeal necessitates a retrial on the same charge. *Wilson*, 262 F.3d at 319. In such a case, a presumption of vindictiveness is recognized because of the "'institutional bias against the retrial of a decided question.'" *Id.* at 318 (quoting *United States v. Goodwin*, 457 U.S. 368, 376 (1982)). We conclude that Lucas has failed to provide circumstances supporting a presumption of vindictiveness. Lucas's acquittal was on a drug conspiracy charge, and his later trial was on a separate firearm charge. Therefore, the Government's pursuit of the firearm charge did not implicate the institutional bias against the retrial of issues already decided.

Next, Lucas contends that the district court erred in denying his request for a full transcript of his prior trial on the drug charge. The district court declined to provide Lucas with the full transcript, but did provide Lucas with a transcript of Detective Endicott's testimony and Lucas's own testimony. Because Lucas failed to show how a full transcript of his trial on the drug charge would be of value in his trial on the firearm charge, we conclude that the district court did not err in

declining to provide a full transcript. *See McAllister v. Garrison*, 569 F.2d 813, 815 (4th Cir. 1978).

In addition, Lucas argues that the district court erred in prohibiting him from making any reference to his previous trial. He argues that the district court's ruling impaired his defense because the jury did not hear Agent Daley's statements, which would have supported his claim of prosecutorial vindictiveness. This court reviews the district court's evidentiary rulings for an abuse of discretion, and such rulings are subject to harmless error analysis. *See United States v. Brooks*, 111 F.3d 365, 371 (4th Cir. 1997). Because Lucas failed to show the relevance of Agent Daley's statements to Lucas's culpability for the charged firearms offense, we conclude that the district court did not err in limiting Agent Daley's testimony. Fed. R. Evid. 401; *United States v. Van Metre*, 150 F.3d 339, 349 (4th Cir. 1998).

Lucas further contends that by prohibiting him from making any reference to the prior trial, the court limited his ability to present evidence of Detective Endicott's bias. Lucas argues that he would have shown that Detective Endicott was a key witness in Lucas's prior trial and had an interest in securing Lucas's conviction on the firearm charge because the first trial had resulted in an acquittal.

A district court violates the Confrontation Clause when it prohibits all inquiry into a witness's bias or credibility. *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986). However, once defense counsel has conducted a substantial and thorough investigation into a particular area, the district court has discretion to prevent further examination into that same area. *See generally United States v. Turner*, 198 F.3d 425, 430 (4th Cir. 1999). Moreover, an error by the district court in restricting cross-examination following a thorough examination by defense counsel is not an error of constitutional import. *Id.* at 430-31. Because the district court did not prohibit all inquiry into Detective Endicott's bias, we conclude that the district court did not err in limiting Lucas's cross-examination of Detective Endicott.

In addition, Lucas contends that the district court erred in denying his motion for recusal. Lucas argues that the district court judge's impartiality could reasonably be questioned because the judge had presided over Lucas's prior trial on the drug charge and found during

a suppression hearing that Lucas's testimony was not credible. Under 28 U.S.C. § 455 (2000), a judge must recuse himself or herself in any proceeding in which his or her impartiality might reasonably be questioned. 28 U.S.C. § 455. The question is whether a reasonable person would have a basis for questioning the judge's impartiality. *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987). A district judge's refusal to recuse is reviewed for abuse of discretion. *United States v. DeTemple*, 162 F.3d 279, 283 (4th Cir. 1998).

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . . [They] can only in the rarest circumstances evidence the degree of favoritism or antagonism required [to make fair judgment impossible] . . . when no extrajudicial source is involved." *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (citation omitted). We conclude that Lucas has failed to show any deep-seated or unequivocal antagonism that would render fair judgment impossible.

Furthermore, Lucas contends that the district court erred in admitting evidence of his arrest in Rhode Island under Federal Rule of Evidence 404(b). He further contends that this evidence was also not admissible for impeachment purposes. A district court's determination of the admissibility of evidence under Rule 404(b) is reviewed for an abuse of discretion. *See United States v. Queen*, 132 F.3d 991, 995 (4th Cir. 1997). Evidence of prior acts is admissible under Rules 404(b) and 403 if the evidence is: (1) relevant to an issue other than the general character of the defendant, (2) necessary, (3) reliable, and (4) if the probative value of the evidence is not substantially outweighed by its prejudicial value. *Id*. at 997.

At trial, Trooper Casey of the Rhode Island State Police testified that he was dispatched to a motor vehicle accident on April 7, 1999. Lucas, who had been driving the car, presented Trooper Casey with a New Jersey license and identified himself as Leroy Miles. Trooper Casey further testified that he recovered a .45 caliber round from Lucas's pocket and a paper relating to a telephone account in Lucas's false name.

Evidence of an accused's flight is generally admissible as an indication of guilt. *United States v. Murphy*, 996 F.2d 94, 96 (5th Cir.

1993). Evidence of flight is problematic only when the circumstances are such that a consciousness of guilt cannot be inferred with confidence from the fact of flight, as when it is not clear that the defendant actually fled, or when he fled in response to an investigation of an unrelated crime, or when it is not clear that he was aware when he fled that he was about to be charged with a crime. *United States v. Beahm*, 664 F.2d 414, 419-20 (4th Cir. 1981); *United States v. Myers*, 550 F.2d 1036, 1049-50 (5th Cir. 1977). In this case, there was no evidence that Lucas became a fugitive for any reason other than to avoid prosecution. Therefore, we conclude that the district court did not err in admitting evidence of the incident in Rhode Island. Because evidence of the incident in Rhode Island is admissible as substantive evidence, we find it unnecessary to review Lucas's argument regarding the use of the evidence for impeachment purposes.

Finally, Lucas contends that the district court erred when it denied his motion for a judgment of acquittal. In reviewing the denial of a motion for a judgment of acquittal, we must determine whether there is substantial evidence that, taken in the light most favorable to the prosecution, would warrant a jury finding that the defendant was guilty beyond a reasonable doubt. *United States v. MacCloskey*, 682 F.2d 468, 473 (4th Cir. 1982). The elements of a § 922(g)(1) violation are that: (1) the defendant previously had been convicted of a crime punishable by a term of imprisonment exceeding one year; (2) the defendant knowingly possessed the firearm; and (3) the possession was in or affected commerce, because the firearm had traveled in or affected interstate commerce. *United States v. Langley*, 62 F.3d 602, 606 (4th Cir. 1995) (en banc).

On appeal, Lucas argues that the Government failed to introduce evidence proving that Lucas had previously been convicted of a crime punishable by a term of imprisonment exceeding one year. Because Lucas admitted under cross-examination that he had previously been convicted of a felony, and this evidence was admissible as substantive evidence to prove an element of the offense, we find that there was sufficient evidence to find that Lucas had been convicted of a crime punishable by a term of imprisonment exceeding one year. *See* Fed. R. Evid. 404(b). Further, Lucas stipulated that the firearm was manufactured outside of North Carolina and therefore had traveled in interstate commerce. There was sufficient evidence to find that Lucas

knowingly possessed the firearm because Detective Endicott testified at trial that Lucas admitted to carrying a concealed weapon. Taking these facts together, there was sufficient evidence to support Lucas's conviction.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*