John Edward **GREATHOUSE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 46544.

Court of Criminal Appeals of Texas.

March 7, 1973.

Joseph (Sib) Abraham, Jr. and Anthony C. Aguilar, El Paso, for appellants.

Steve W. Simmons, Dist. Atty., Gary B. Weiser, Asst. Dist. Atty., El Paso, Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

David F. Farris, Fort Worth, for appellant.

Tim Curry, Dist. Atty., W. E. Burdock and R. W. Crampton, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

1. See Article 17.08, Section 3, Vernon's Ann.C.C.P.

OPINION

ONION, Presiding Judge.

This is an appeal from an order revoking probation.

On January 20, 1970, the appellant entered a plea of guilty to the offense of theft from person after waiving trial by jury. The punishment was assessed at five years, but the imposition of the sentence was suspended and the appellant was placed on probation. Among the conditions of probation was the requirement that he

" . . . .

"d. Report to the Adult Probation Officer of Tarrant County, Texas, as directed: on the 20th day of February, 1970, and on the 20th day of each month thereafter, during Probation;
" . . . ."

On July 27, 1972, the State filed its first amended motion to revoke probation alleging, among other violations, that the appellant had failed to report to the probation officer at any time during the months of August, 1970 through July, 1972.

At the hearing on the motion to revoke on August 16, 1972, the appellant admitted all of the allegations were true. Subsequently he took the stand and made a judicial confession and stated his only reason for failing to report was his inability to make restitution payments.

The court based his written revocation order solely upon the failure to report to the probation officer. The judicial confession of the appellant, standing alone, was sufficient to support the court's finding. See Perkins v. State, 386 S.W.2d 286 (Tex.Cr.App.1965).

No abuse of discretion has been shown. No motion for rehearing will be filed by the clerk except upon leave of the court upon good cause being shown. The judgment is affirmed.