**Lavon Pierce BONSAL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47737.**

Court of Criminal Appeals of Texas.

Dec. 19, 1973.

W. John Allison, Jr. (On appeal only), Dallas, for appellant.

Henry Wade, Dist. Atty. and William J. Teitelbaum, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is sale of a narcotic drug, to wit: demerol; the punishment is sixty (60) years.

It is appellant's sole contention that he was denied the effective assistance of counsel. Only one attorney was appointed by the court, but two attorneys appeared and represented appellant throughout the trial. There is nothing in the record, except an unsworn comment of the appellant made outside the jury's presence, showing the experience of either lawyer. Appellate

counsel states that trial counsel's failure to advise appellant of his right to a separate trial on two distinct offenses, his failure to move to quash the jury panel, his lack of diligence in investigation, his waiver of the defense of entrapment, and his failure to object to the court's answer to a note from the jury, rendered him ineffective.

The test for effective assistance of appointed counsel is whether the trial is a "farce or a mockery of justice". Powers v. State, Tex.Cr.App., 492 S.W.2d 274; Williams v. Beto, 354 F.2d 698 (5th Cir.). We, therefore, turn to appellant's contentions.

While appellate counsel contends that this Court should reverse this conviction because of the incompetency of trial counsel, when he comes to enumerate and discuss the derelictions of trial counsel he admits that the specifics themselves do not reflect error. For example, even though trial counsel requested a charge on entrapment, counsel on appeal concedes that the facts do not warrant a submission of this issue. We agree. The appellant did not testify or offer any evidence raising the issue at the guilt stage of the trial. Garcia v. State, Tex.Cr.App., 473 S.W.2d 488.

Another example relates to the knowledge the jury may have acquired that there was another charge pending against appellant. The record reflects that prior to trial counsel conferred with appellant about the advisability of hearing the two indictments pending against him at the same time and that they both agreed that such should be done. However, on the morning of the second day of the trial, appellant pro se claimed that he was entitled to a trial on each offense. Immediately the trial court granted the pro se oral motion and the trial proceeded on one indictment.

Another example relates to the reading by the court reporter of a portion of the testimony of the arresting officer in response to a question from the jury.[1] The testimony was read, was clearly responsive to the question propounded by the jury, and no further requests were made. We perceive no error. Martin v. State, Tex.Cr.App., 459 S.W.2d 845; and Salazar v. State, Tex.Cr.App., 494 S.W.2d 548.

Applying the test of Powers, supra, and Williams, supra, we are unable to state that appellant's trial was a "farce, or mockery of justice".

Finding no reversible error, the judgment is affirmed.

---

1. The question was: "We are in disagreement on testimony of Officer Ball as to whether or not Officer Ball inspected the contents of the dop [sic] kit before he left the defendant's car."