Virgil GARCIA, Appellant,

v.

The STATE of Texas, Appellee.

No. 49950.

Court of Criminal Appeals of Texas.

Oct. 22, 1975.

Tom Fleming, Brownsville, for appellant.

Fred Galindo, Dist. Atty., James R. Odabashian, Asst. Dist. Atty., Brownsville, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

Appellant was convicted of unlawfully carrying a weapon. V.T.C.A. Penal Code, Sec. 46.02. Punishment, enhanced under Sec. 46.02(c), supra, for commission of the offense on premises licensed to sell alcoholic beverages, was assessed by the court at three years.

Appellant, when arrested in Polly's Restaurant, premises licensed to sell alcoholic beverages, was carrying two handguns.

Appellant complains of the exclusion of evidence which would show he had been working with law enforcement officers in the investigation of a murder conspiracy case and that because of threats on his life and attempts on the lives of other witnesses in the case, he had been told by law enforcement officers involved in the case to arm himself. He sought to prove these facts by testimony of various officers of the "DEA," metro squad and sheriff's office. The court directed appellant's counsel to dictate a statement of what the testimony would be and declined to allow the witnesses to testify. Appellant objected to the exclusion of the evidence, and stated that its exclusion would deny him an entrapment defense.

On appeal appellant complains of the exclusion of the evidence and argues that had it been admitted he would have been entitled to a charge on entrapment. V.T.C.A. Penal Code, Section 8.06, provides:

"(a) It is a defense to prosecution that the actor engaged in the conduct charged because he was induced to do so by a law enforcement agent using persuasion or other means likely to cause persons to commit the offense. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment.

"(b) In this section 'law enforcement agent' includes personnel of the state and local law enforcement agencies as well as of the United States and any person act-

ing in accordance with instructions from such agents."

The offense charged was the intentional and knowing carrying on or about his person a handgun. The excluded testimony was that he did so upon police instructions to protect himself from threats made against him because of his role in a pending murder conspiracy case. We are unable to say that such facts, if true, would not amount to an inducement by a law enforcement agent to carry on or about his person a handgun, by means likely to cause persons to do so. If the State had evidence to the contrary, they would, of course, be entitled to introduce it on the issue, but the issue would remain one for the jury.

Appellant's proffered defensive testimony made a prima facie case of entrapment and would have entitled him to submission of the issue. Furthermore, the issue having been raised, the jury would have been instructed that if they had a reasonable doubt on the issue, they must acquit. V.T.C.A. Penal Code, Sec. 2.03(d).

The trial court reversibly erred by excluding the offered testimony. Therefore, the judgment is reversed and the cause remanded.

DOUGLAS, J., not participating.

MORRISON, Judge (concurring).

While I agree with the reversal of this conviction because of the refusal of the court to permit the jury to hear the proffered testimony, I cannot agree that the time honored defense of entrapment is the answer. The defense of necessity is far more fitting for the facts in this case. Surely the officers did not induce this appellant to arm himself for the purpose of catching him so that they could prosecute him. This would be entrapment. See *Ramirez v. State*, 164 Tex.Cr.R. 498, 301

S.W.2d 125, as an example of how the doctrine applies. See also Practice Commentary, V.T.C.A., Penal Code, Sec. 8.06.

What the officers told this appellant was that his life was in danger and that he had better stay in crowds or arm himself. Presumably, they had no idea that he was going to commit this offense, and, by the same token, they did not intend to catch him and prosecute him therefor. The defense of necessity was thus available to appellant under V.T.C.A., Penal Code, Sec. 9.22;[1] and the testimony should have gone to the jury.

I concur in the reversal of this conviction.

---

1. I paraphrase the Practice Commentary, V.T.C.A., Penal Code, following Sec. 9.22: If the harm sought to be avoided (the killing of this appellant by those involved in the murder conspiracy) was clearly greater than the harm actually caused (that is, the offense of carrying a pistol into a lounge), the appellant's conduct in carrying the pistol is justified, and he is exonerated.