**Patrick MASTERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 53614.**

Court of Criminal Appeals of Texas.

Jan. 12, 1977.

R. Doyce Mallett, Amarillo, for appellant.

Tom A. Curtis, Dist. Atty. and Bruce P. Sadler, Asst. Dist. Atty., Amarillo, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ARCHIE S. BROWN, Commissioner.

This is an appeal from an order revoking probation.

On July 24, 1975 appellant pled guilty to an indictment charging him with burglary of a building. The court found him guilty and assessed punishment at three (3) years and a $300.00 fine, probated.

On March 1, 1976 the State filed a motion to revoke probation alleging that appellant had violated probationary condition (a) not to violate any penal laws in that appellant on February 26, 1976 committed theft of gasoline of a value of less than $5.00. The motion further alleged a violation of condition (c) to avoid persons or places of disreputable or harmful character in that on said date appellant associated with Rocky Rawls, a person known to appellant to be on probation for burglary.

On April 28, 1976 when the motion to revoke was called for a hearing, the court mentioned that appellant had filed a motion to suppress the confession on the grounds that it was not voluntary and suggested that he should dispose of that matter prior to a hearing on the merits. The prosecution then stated that since there was no jury, the matter raised in the motion to suppress could be gone into "in the event the confession is attempted to be introduced." The court agreed and the hearing on the merits proceeded. The State called Charles L. Howard of the Amarillo Police Department as a witness. Howard stated that he gave appellant the proper warning as to appellant's rights whereupon appellant gave the confession. When the prosecution offered the confession in evidence, counsel for appellant stated:

"Your Honor, we would object at this time to this statement being introduced in evidence as being an involuntary statement, and I would like to tender my client for the sole purpose of testifying as to the voluntariness of the statement.

"And we would also object to this as being the fruit of an illegal arrest . . . ."

After an extended discussion as to the legality of the arrest, the court overruled appellant's objection and admitted the confession in evidence without granting appellant's request to be allowed to testify as to the voluntariness of the confession. After appellant's counsel cross-examined Officer Howard on the issue of voluntariness the State rested. Appellant's counsel then again offered appellant for the purpose of testifying on the issue of the voluntariness of the confession. At this point the State asserted that since it had rested, if appellant took the stand it would be for all purposes and not just as to the issue of voluntariness. Appellant's counsel objected to the State's contention and reminded the court that it had been agreed that appellant could testify on the limited issue of voluntariness. The court overruled this objection, thereby denying to appellant his right to testify on the limited issue of the voluntariness of the confession. Appellant, in his first ground of error, alleges that the court erred in this regard. We agree.

In *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, the United States Supreme Court wrote:

" 'It is now axiomatic that a defendant in a criminal case is deprived of the process of law if his conviction is founded, in whole or in part, upon an involuntary confession, without regard for the truth or falsity of the confession, *Rogers v. Richmond*, 365 U.S. 534, 81 S.Ct. 735, 5 L.Ed.2d 760, and even though there is ample evidence aside from the confession to support the conviction. *Malinski v. New York*, 324 U.S. 401, 65 S.Ct. 781, 89 L.Ed. 1029; *Stroble v. California*, 343 U.S. 181, 72 S.Ct. 599, 96 L.Ed. 872; *Payne v. Arkansas*, 356 U.S. 560, 78 S.Ct. 844, 2 L.Ed.2d 975. Equally clear is the defendant's constitutional right *at some stage in the proceedings* to object to the use of the confession and to have a fair hearing and a reliable determination on the issue of voluntariness, a determination uninfluenced by the truth or falsity of the confession.' " (Emphasis added) " '*Rogers v. Richmond*, supra.' "

Following the dictates of *Jackson v. Denno*, supra, this Court in *Lopez v. State*, 384 S.W.2d 345, set forth rules and guidelines, as follows:

"In new trials arising hereunder and in future trials in this state where there is a fair question of voluntariness of a confession of the defendant, the trial judge shall grant to the defendant the opportunity to object to the use of said confession; shall grant a fair hearing before the Court on the issue of voluntariness, and from all of the evidence and without regard to the truth or falsity of the confession, shall make a clear cut determination of the voluntariness of the confession, including the resolution of disputed facts upon which the voluntariness issue may depend. . . . Should the defendant testify at such a hearing, the cross-examination of the defendant shall be limited solely to the facts surrounding the voluntariness of the confession, and the defendant shall not be subject to cross-examination except for the limited purpose of facts involving the voluntary nature of his confession, nor shall the defendant be compelled to take the stand upon the trial of the cause upon its merits because of his testimony at this hearing." See also, *Brumfield v. State*, Tex.Cr.App., 445 S.W.2d 732.

The refusal of the court to permit appellant to testify solely on the issue of voluntariness of the confession without subjecting himself to unlimited cross-examination by the prosecution on other issues constituted error.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.