Edward Eugene CRADDOCK, Appellant,

v.

The STATE of Texas, Appellee.

No. 52027.

Court of Criminal Appeals of Texas.

May 25, 1977.

John J. C. O'Shea, Lubbock, for appellant.

Alton R. Griffin, Dist. Atty. and Charles C. Bailey, Asst. Dist. Atty., Lubbock, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

### ON APPELLANT'S MOTION FOR REHEARING

ROBERTS, Judge.

We granted appellant's motion for leave to file his motion for rehearing in order that we may revise the reasoning behind the disposition of his main contention on original submission.

By per curiam opinion, Tex.Cr.App., 552 S.W.2d 854, delivered November 10, 1976 (No. 52,027), we affirmed appellant's conviction for possession of marihuana. In so doing, we stated that:

"Appellant's main contention is that the trial court erred in overruling his motion to suppress the evidence because there was neither probable cause nor exigent circumstances justifying the warrantless search of appellant's vehicle. We find it unnecessary to determine the legality of the search.

"Appellant voluntarily testified and admitted possession of the marihuana and he was to receive a commission for its sale. His testimony rendered harmless any error in the admission of the evidence. The legality of a search need not be considered when appellant testifies to or otherwise produces evidence of the

same facts, or if such facts are in the record without objection. *Warren v. State,* 514 S.W.2d 458 (Tex.Cr.App.1974); *Stein v. State,* 514 S.W.2d 927 (Tex.Cr. App.1974)."

Appellant had taken the stand in order to establish his defense of entrapment. He contends on rehearing that our disposition of his contention that the search and seizure were illegal ". . . fosters an impermissible and unconstitutional chill upon Appellant's rights to author and draft his own defense . . .." We agree.

■ The general rule that the legality of a search need not be considered when the defendant testifies to or otherwise produces evidence of the same facts is correctly stated in the opinion on original submission. However, there is another rule which is applicable: The harmful effect of improperly admitted evidence is not cured by the fact that the accused sought to meet, destroy or explain it by the introduction of rebutting evidence. *Nicholas v. State,* 502 S.W.2d 169, 174 (Tex.Cr.App.1973, opinion on State's Motion for Rehearing).

In *Nicholas,* we distinguished the two rules:

". . . the improper admission of evidence over objection is rendered harmless by the unobjected-to admission of other evidence *of substantially the same facts* ; whereas, the introduction of evidence seeking *to meet, destroy, or explain* the erroneously admitted evidence does not render the error harmless. The rationale should be equally clear: if a fact be proven without objection, its erroneous proof over objection, although still error, is harmless error since the same facts have been proved without objection. On the other hand, presentation of *other* evidence which does *not* prove those facts erroneously admitted, but only tends to meet, destroy, or explain the erroneously admitted evidence, can hardly be considered to cure the error within the rationale of the first rule. Not falling within the harmless error rationale, if such rebuttal evidence is to be held to constitute a waiver of objection to the erroneously admitted evidence, some other reason must be advanced which would support such a new rule.

"The true meaning of such new rule would be that a defendant against whom evidence has been admitted over objection could not attempt to rebut such evidence without waiving that objection. The absurdity of such a rule, when so expressed as to reveal its ultimate effect, is manifest. That the scope of such a rule would extend so far is clear: *use* of admitted evidence, including exhibits, includes within its meaning *use* in a hypothetical form as a predicate to rebuttal. Mere use would necessarily include all such rebuttal, and if use waives objection, how can rebuttal be attempted and objection preserved? Independent admission of evidence of the same facts without objection, it will be observed, is a concept wholly distinct from use, in that it is independent of the erroneous admission of evidence, whereas the *use* is dependent upon the prior evidence, inasmuch as it is an attempt to rebut it." (Emphasis included). *Id.,* at 174–175.

■ We feel appellant's admitted possession of the marihuana was a necessary predicate to his defense of entrapment, thus bringing his testimony within our reasoning in *Nicholas. See also, Alvarez v. State,* 511 S.W.2d 493, 498 (Tex.Cr.App.1973, Opinion on State's Second Motion for Rehearing). It is necessary to determine the legality of the search. We now do so.

■ Appellant contends that the warrantless search of his vehicle was without probable cause and absent exigent circumstances. As stated on original submission, the facts are:

"In June of 1974, Otis Ray Priestley and appellant were both employed at a Lubbock automobile dealership. Priestley, a paid informant of the Lubbock Drug Task Force, consisting of State and Federal officers, was told that appellant could arrange a sale of marihuana. They discussed such a sale several times. An agreement was reached on July 2.

Priestley arranged for Officers Hudgens and Douglas of the Drug Enforcement Agency to meet with appellant. Later the same afternoon Priestley and the two officers went to appellant's home. Negotiations were conducted there concerning the price of fifty to sixty pounds of marihuana. They agreed to conduct further negotiations at a local motel later that evening.

"Hudgens and appellant met at the motel at 9:00 p. m. Bruce McCarter and his girlfriend, Cathy Robinson, were also present.

"Meanwhile, Douglas and Priestley had returned to the Drug Enforcement Agency office to obtain the money. They prepared fifty-three hundred dollars in marked bills and took it to a parking lot at the intersection of 34th Street and Avenue H. At 9:30 p. m., Hudgens, McCarter and appellant met with Douglas and Priestley in the parking lot. Appellant and McCarter inspected the money. They agreed to meet at 10:30 p. m. the same evening at 82nd Street and Indiana Avenue to conclude the transaction. Hudgens then met with several other officers and related the previous events to them. He gave them a description of the vehicle in which the marihuana was to be transported. Officer Myres, who had observed all of the negotiations at a distance, and other officers went to 82nd and Indiana at 10:30 p. m. where they saw appellant and McCarter in a parked vehicle. After verifying that the description of appellant's vehicle matched the one provided by Hudgens, the officers detained the two suspects. A search of the vehicle yielded fifty pounds of marihuana. Appellant and McCarter were then arrested."

In order to justify a warrantless search, the State must show the existence of probable cause at the time the search is made and the existence of circumstances which made the procuring of a warrant impracticable. *Reed v. State,* 522 S.W.2d 916, 917 (Tex.Cr. App.1975). Probable cause exists where the facts within the knowledge of the officer on the scene and those of which he has reasonably trustworthy information would lead a man of reasonable caution and prudence to believe that he will find the evidence pertaining to a crime. *Id.*

We feel that there was probable cause to search the appellant's vehicle. The question then remains whether, under the circumstances here presented, it was incumbent upon the officers to seize the vehicle, seek out a magistrate, obtain a search warrant and carry out a search pursuant thereto. This was the same question in *Scott v. State,* 531 S.W.2d 825 (Tex.Cr.App.1976). Quoting from *Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1969), we stated that:

"Arguably, because of the preference for a magistrate's judgment, only the immobilization of the car should be permitted until a search warrant is obtained; arguably, only the 'lesser' intrusion is permissible until the magistrate authorizes the 'greater.' But which is the 'greater' and which the 'lesser' intrusion is itself a debatable question and the answer may depend on a variety of circumstances. For constitutional purposes, we see no difference between on the one hand seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment."

We conclude that the search of appellant's vehicle was not "unreasonable" within the meaning of Art. 1, Sec. 9 of the Constitution of this State or the Fourth Amendment of the United States Constitution. The court did not err in admitting the results of the search, the marihuana, into evidence.

The other contentions raised by the appellant in his motion for rehearing have been considered and are found to be without merit.

The appellant's motion for rehearing is overruled.

DOUGLAS, Judge, concurring opinion on appellant's motion for rehearing.

A majority now holds that when appellant took the stand to establish a defense of entrapment his testimony that he possessed the marihuana could not be used against him.

What the majority overlooks is that for there to be the defense of entrapment necessarily assumes that the act was committed. *Canales v. State,* 496 S.W.2d 614 (Tex. Cr.App.1973). If no offense was committed, an accused would not have been entrapped in doing anything. The accused cannot deny the commission of an offense and then claim entrapment. *Stephens v. State,* 522 S.W.2d 924 (Tex.Cr.App.1975); *Zamora v. State,* 508 S.W.2d 819 (Tex.Cr. App.1974); *Canales v. States, supra; Guerrero v. State,* 487 S.W.2d 729 (Tex.Cr. App.1972); *Godin v. State,* 441 S.W.2d 196 (Tex.Cr.App.1969). When he admits the offense was committed, the question of the search goes out of the case.

When we get to the point where an accused takes the stand and admits the offense and then permit him to question the proof of the offense, we are going too far. If an accused thinks error was committed in admitting evidence obtained as a result of an arrest or search, he can appeal.

I concur for different reasons that appellant's motion for rehearing should be overruled.