Felix Aguilar GONZALEZ, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 55686.

Court of Criminal Appeals of Texas, Panel No. 2.

Sept. 20, 1978.

**12**

John J. Herrera, Houston, for appellant on appeal only.

Carol S. Vance, Dist. Atty., Winifred E. Akins and Sarah Bullock, Asst. Dist. Attys., Houston, for the State.

Before ONION, P. J., and PHILLIPS and TOM G. DAVIS, JJ.

## OPINION

PHILLIPS, Judge.

Appellant was convicted for the unlawful possession of heroin. Punishment was assessed at three years' imprisonment.

■ Appellant's first ground of error complains of the trial court's failure to submit a specially requested instruction on the law of entrapment as set forth in V.T.C.A., Penal Code, Section 8.06.[1] The motion was submitted orally and was overruled by the trial court. We note that this procedure fails to comply with the requirements of Article 36.15, V.A.C.C.P., which provides in pertinent part:

> "Before the court reads its charge to the jury, counsel on both sides shall have a reasonable time to present *written instructions* and ask that they be given to the jury." (Emphasis added)[2]

See *Black v. State,* Tex.Cr.App., 503 S.W.2d 554. Thus, this conviction cannot be reversed on this ground of error unless it appears "from the record" that the failure of the trial court to grant this specially requested instruction "was calculated to injure the rights of defendant" or the appellant "has not had a fair and impartial trial." See Article 36.19, V.A.C.C.P.

The arresting police officer testified that while in his unmarked undercover police car he received a radio broadcast that one of his informers had contacted him and he was to contact the informer. Upon returning the call he received information that a man named Felix, a Latin American male, approximately 30 years of age, would be at the intersection of North Milby and Menard in a beat up, blue Studebaker, possessing two packets of heroin. This informant had provided reliable information twice previously and knew heroin since he was a former addict. The officer and his two partners arrived at North Milby and Menard at approximately 7 p. m. and observed the vehicle as it was departing the intersection. They pulled to the side of the vehicle as it stopped at a stoplight several blocks away, identified themselves as police officers, and observed two tinfoil packets lying on the floorboard by the driver's side. The appellant was then arrested for possession of heroin, taken to the police station and processed. A Marquis test at that point proved positive. The police officer denied that Vincent Rosales was his informer, but admitted that he had twice arrested Vincent Rosales for possession of heroin and that his cases were still pending at the time of appellant's trial. Upon questioning by appellant's trial counsel, the arresting officer testified that he had once before seen the appellant in a transaction involving heroin and that the arrest of the second party in

---

1. "(a) It is a defense to prosecution that the actor engaged in the conduct charged because he was induced to do so by a law enforcement agent using persuasion or other means likely to cause persons to commit the offense. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment.

(b) In this section 'law enforcement agent' includes personnel of the state and local law enforcement agencies as well as of the United States and any person acting in accordance with instructions from such agents."

2. See and compare Article 36.14, V.A.C.C.P.

that transaction produced heroin. He admitted discussing appellant with his informant prior to the arrest, but expressly denied planting dope on the appellant in conjunction with the informant.

The appellant testified that on the day of his arrest he received a phone call at approximately 6 p. m. from Vincent Rosales. Vincent Rosales related that he had the money he owed the appellant for tires previously purchased, approximately $50.00. Appellant was told to come to Rosales' house at Menard and Drennan. Appellant proceeded to Rosales' house at which time Rosales was departing to pick up his wife from work. He handed the two packets of heroin to the appellant, asked him to hold them so that his wife would not discover them and said that he would return shortly with the money. Rosales informed the appellant that the content of the packages was heroin. Rosales later returned and said he would come by appellant's home later with the money, and appellant drove off with the packages. The appellant admitted using heroin twice before, near the time of his arrest, and that he knowingly possessed heroin at the time he was arrested.

■ By no stretch of the imagination can it be contended that this evidence raises the issue of entrapment. There is nothing to indicate that the appellant took possession of the heroin because he was induced to do so by the arresting officer or any other individual acting as an agent for the arresting officer. It is noted that the appellant voluntarily departed Vincent Rosales' premises while knowingly possessing heroin. Appellant's first ground of error is overruled. See *Bonsal v. State*, Tex.Cr.App., 502 S.W.2d 813.

■ Appellant's second ground of error complains of the trial court's action in refusing to allow the appellant to introduce evidence of the arresting officer's previous transactions with Vincent Rosales. First, the arresting police officer expressly denied that Vincent Rosales was the informant involved in this case. Second, after a hearing outside the presence of the jury, the trial court ruled that the testimony of the

arresting officer's previous arrests of Vincent Rosales would not be allowed to be introduced before the jury since it was completely irrelevant. Third, notwithstanding this ruling, the appellant was allowed to get the precise information he desired before the jury. The appellant was allowed to explore before the jury the arresting officer's previous arrests of Vincent Rosales and the fact that those cases were still pending. Since the evidence complained of as being denied introduction before the jury was in fact introduced before the jury, there is no harm should there even be error. Appellant's second ground of error is overruled.

There being no reversible error, this case is affirmed.