**Bobby Gene RICHARDSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 66347.**

Court of Criminal Appeals of Texas, Panel No. 3.

June 10, 1981.

On Rehearing En Banc Oct. 21, 1981.

Cletus C. Schenk and J. Keaton Grubbs, Wichita Falls, for appellant.

Robert W. Hedrick, Graham, Robert Huttash, State's Atty., Austin, for the State.

Before DAVIS, McCORMICK and TEAGUE, JJ.

## OPINION

TEAGUE, Judge.

This is an appeal from an order revoking appellant's probation.

On July 19, 1979, appellant was indicted for the felony offense of possession of marijuana. He entered a plea of guilty, was found guilty, and on November 21, 1979, the trial court placed him on adult probation for a period of 10 years. On December 10, 1979, 19 days later, the state filed a motion to revoke appellant's probation, alleging that appellant unlawfully possessed marijuana in excess of four ounces, i. e., ". . . the said defendant did [on or about the 9th day of December, 1979] then and there unlawfully, knowingly and intentionally possess a usable quantity of marijuana of more than four ounces." On March 19, 1980, a hearing was conducted on the State's motion to revoke and, after the hearing, the trial court ordered appellant's probation revoked and sentenced him to not more than 10 years' confinement in the Texas Department of Corrections. The trial court informed the parties: "He is a nice old boy [referring to appellant] and all this, but he screwed up once and that's fine, but when he keeps on screwing up with drugs then I have no choice but to let him do time."

We affirm the trial court's order revoking appellant's probation.

Appellant raises several contentions challenging the validity of the trial court's order revoking his probation.

The burden of proof in a revocation of probation hearing is proof by a preponderance of the evidence. *Scamardo v. State*, 517 S.W.2d 293 (1974). Appellate review of an order revoking probation is limited to the issue of whether the trial court abused its discretion. *Battle v. State*, 571 S.W.2d 20 (1978). In such a proceeding, the trial court is the sole trier of the facts, the credibility of the witnesses, and the weight to be given their testimony. *Gonzalez v. State*, 508 S.W.2d 388 (1974).

At the hearing, appellant testified and admitted that on December 7, 1979, he received a telephone call from a Rick Heath, a friend of an employee of his. Heath went to appellant's residence, where he told appellant he wanted some marijuana. "[Appellant] told [Heath] that [he] didn't have

any." "I was on probation and I didn't have any to sell." "He [Heath] just kept staying there, staying around there." "He smoked some marijuana that we had in the house for personal use, and kept messing around, kept messing around, and I finally sold him some." As to why the marijuana was on the premises, appellant testified: "That was left from the time before when they came and raided the house." The following was also brought out on cross examination:

Q: But after telling him [Heath] this and knowing you were on probation when he gave you the money, you sold it to him, is that what you are saying?

A: Yes, sir.

Q: And this marijuana that you had for personal use I believe you testified?

A: That's right.

Q: But you don't use it?

A: No.

Q: Was this for the purpose of your wife using it?

A: That's right.

Appellant's defense to the motion to revoke was that he was entrapped into committing the offense.

Though we do not hold by this decision that entrapment may not be established as a matter of law or as a matter of fact in a revocation hearing, we do not find in this cause any evidence whatsoever that appellant was entrapped, as that term is defined in law. See V.T.C.A.Penal Code, Sec. 8.06.

No evidence was introduced or adduced to indicate that appellant possessed and delivered the marijuana to Heath because he was induced to do so by Heath, who was then acting under the auspices of the District Attorney and certain other law enforcement officials. See *Gonzales v. State,* 571 S.W.2d 11 (1978). It is true that if criminal design or intent originates in the mind of a law enforcement officer or his agent and a person is induced to commit a crime, which that person would not otherwise have committed except for such inducement, entrapment exists and may constitute a defense to a criminal offense. See *Haywood v. State,* 482 S.W.2d 855 (1972).

However, where the criminal intent originates in the mind of the accused, the fact that the officer or his agent furnishes the opportunity or aids the accused in the commission of the crime affords no defense. See *Holdaway v. State,* 505 S.W.2d 262 (1974).

The evidence in this cause shows that as a result of receiving the proverbial "tip," law enforcement officials went to the county jail, where Heath was incarcerated, had Heath released, and then pointed Heath in the direction of appellant. Shortly thereafter, Heath went to appellant's home and purchased marijuana. Although appellant testified he told Heath he was on probation and did not have any marijuana to sell, appellant nevertheless admitted that he possessed and sold Heath marijuana. Heath actually smoked a "joint" in appellant's residence. Heath's "staying around there, staying around there," until appellant finally sold him marijuana, does not even come close to raising the defense of entrapment. See also *Lopez v. State,* 574 S.W.2d 563 (1978). Compare, however, *Langford v. State,* 571 S.W.2d 326 (1978).

We observe from [a] colloquy between counsel and the trial court that appellant's counsel was, at that time, attempting to have appellant testify at the hearing in a limited capacity to establish his purported defense of entrapment. When appellant's counsel made known he wanted to put appellant on the stand "for the limited purpose of the defense of entrapment," the trial court initially responded, "What now?" Thereafter, a discussion occurred regarding whether this should have been urged by way of a pre-trial motion or whether it could be urged at that stage of the proceedings. After further discussion, the trial court then made [the] statement, "Oh, bull, let's put him on for the limited purpose of entrapment."

Appellant's reliance on Sec. 8.06, *supra*, if that is what he relies upon, is misplaced, for that statute concerns entrapment as a *defense to prosecution.* See *Bush v. State,* 611 S.W.2d 428 (1981). It was noted in

*Bush,* id., that "a promise to get appellant high on dope" is so unlikely to induce a person not already so disposed to commit the criminal offense charged as to not raise the issue of entrapment.

We also observe that in a revocation of probation hearing, if a defendant exercises his right to testify, he is subject to the same rules governing examination and cross-examination as any other witness. See *Jenkins v. Anderson,* 447 U.S. 231, 100 S.Ct. 2124, 65 L.Ed.2d 86 (1980); and *Brumfield v. State,* 445 S.W.2d 732 (1969).

Here, appellant exercised his right to testify at the hearing and made a judicial admission, by admitting not only that he possessed marijuana but also that he delivered marijuana to Heath, that he violated the condition of his probation that he not violate the laws of this State.

Of course, if appellant had established the defense of entrapment, another question would be presented. By the facts of this case, we hold he did not even come close to establishing that defense, either as a matter of fact or law.

Appellant's own admission that he violated the condition of probation that he violate no law of this State was sufficient, standing alone, to justify revoking his probation. See *Gamble v. State,* 484 S.W.2d 713, 715 (1972). Evidence which supports a finding that the appellant violated one condition of his probation is sufficient to sustain the order revoking probation. See *McDonald v. State,* 608 S.W.2d 192, 200 (1980). It is therefore not necessary for this Court to discuss appellant's contentions regarding a search warrant and the execution thereof.

As to appellant's claim that the trial court should have either modified or continued the probation or accorded him "shock probation," we find this contention is without merit. *Houlihan v. State,* 579 S.W.2d 213, 218 (1979). Once it is established that a probationer has violated his probation, it is discretionary with the trial court as to what disposition he makes and the decision

he makes is non-reviewable by this Court. See *Ex parte Feldman,* 593 S.W.2d 720, 721 (1980).

Appellant lastly challenges the validity of his original plea of guilty. However, there is no transcription of those proceedings before us, nor did appellant challenge the validity of his original conviction at the hearing on the motion to revoke probation. This contention has no merit. See *Maddox v. State,* 591 S.W.2d 898 (1979). In any event, *this* record does not support his contention.

The order revoking appellant's probation is therefore affirmed.

Before the court en banc.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

TOM G. DAVIS, Judge.

Appeal is taken from an order revoking probation.

On November 21, 1979, appellant pled guilty to possession of marijuana of a quantity in excess of four ounces. Punishment was assessed at ten years, probated. On March 19, 1980, appellant's probation was revoked after the court found that he had on December 9, 1979 violated the conditions of his probation by "unlawfully, knowingly and intentionally possess[ing] a usable quantity of marijuana of more than four ounces."

Appellant contends the court abused its discretion in revoking his probation. Specifically, he urges that the trial court improperly rejected his defense of entrapment (V.T.C.A.Penal Code, Sec. 8.06), and further that appellant's judicial admissions to possession of marijuana cannot be used as proof of violation of the terms of probation.[1] On original submission, a panel of the court concluded that the trial court did not abuse its discretion in revoking probation.

---

1. We find it unnecessary to reach the question of whether appellant's judicial admission could be used to support the court's finding.

Criminal Investigator Robert L. Youngblood of the Young County District Attorney's Office testified he received information on December 7, 1979 from an Olney police officer that an informant in Olney had recently purchased marijuana from the appellant. Youngblood contacted the informant who was being held in the Olney Jail and arranged a phone call by the informant to the appellant for the purpose of buying marijuana. The informant was then released from jail, taken home, and allowed to borrow an automobile. Youngblood, Chief of Police Charles Boyd, and District Attorney Boyd Richie then followed the informant in a separate car to the location of appellant's mobile home. Prior to allowing the informant to go into appellant's residence he was strip searched and his car was thoroughly searched for contraband. Youngblood observed the informant remain inside appellant's home for approximately fifteen minutes before exiting and returning with a baggy of marijuana to where Youngblood, Boyd and Richie were conducting their surveillance. The informant was again searched before being returned to incarceration after which Youngblood, Boyd and Richie proceeded to a magistrate to obtain a search warrant. The subsequent search pursuant to a warrant executed December 9, 1979 resulted in the seizure of over nine ounces of marijuana from the wall of appellant's bedroom.

In 1974, the Texas Penal Code was revised to include under Chapter 8 statutorily recognized General Defenses to Criminal Responsibility. Within this chapter is included the defense of entrapment (Sec. 8.06, supra), which reads in pertinent part:

"(a) It is a defense to prosecution that the actor engaged in the conduct charged because he was induced to do so by a law enforcement agent using persuasion or other means likely to cause persons to commit the offense. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment."

In order for appellant to raise a claim of entrapment he must initially establish a prima facie showing of such a defense. *Garcia v. State*, 528 S.W.2d 604; see *U.S. v. Gonzales*, 606 F.2d 70 (5th Cir. 1979); *Gonzales v. State*, 571 S.W.2d 11. There is an absence of testimony or evidence proffered by appellant to support prima facie a claim of entrapment to the offense of possession of marijuana in excess of four ounces. The record does include, inter alia, testimony by the appellant which indicates an informant sent by the State did purchase marijuana from him. However, the motion to revoke was not for *delivery* of marijuana, see Tex.Rev.Civ.Stat.Ann., Art. 4476–15, Sec. 1.02(8), rather the alleged violation of probation was for the *possession* of marijuana, see Tex.Rev.Civ.Stat.Ann., Art. 4476–15, Sec. 1.02(23). The elements of this offense include: knowingly, intentionally and unlawfully possessing marijuana in excess of four ounces.

In order to effectuate a claim of entrapment to a possessory offense it must be shown that he was persuaded or induced by law enforcement officers to take care, custody, control, or management of the contraband. *Gonzales v. State*, 571 S.W.2d 11; *Bonsall v. State*, 502 S.W.2d 813; *Brewer v. State*, 500 S.W.2d 504. See also *United States v. Bueno*, 447 F.2d 903 (5th Cir. 1971), appeal after remand 470 F.2d 154, cert. denied 411 U.S. 949, 93 S.Ct. 1931, 36 L.Ed.2d 411. Insofar as the record reflects appellant was not induced to possess the marijuana.

Appellant further complains that the evidence seized in the search of his home was admitted in error at the revocation hearing because it was obtained pursuant to an unlawful search warrant based upon a defective affidavit. Two particularized issues are raised by appellant in support of his contention that the affidavit was deficient. First, in that an affidavit can support a finding of probable cause only if it permits the magistrate to credit the affiant's statement that the substance obtained from the appellant's residence was marijuana; and secondly, that the affiant's statement under oath that the substance bought by the informant constitutes marijuana is merely

conclusory and insufficient to support a finding of probable cause.

As appellant conceded in his supplemental brief, the issue of sufficient identification of a controlled substance by an affiant has been decided by this Court in previous appeals. In *Torres v. State*, 552 S.W.2d 821, this Court responded to a similar argument by stating "appellant's argument that the affidavit is insufficient in that it does not allege the informer was familiar with heroin in order to identify it is without merit. In *Pecina v. State*, 516 S.W.2d 401, we held that an affidavit need not state an informer's qualifications to identify heroin." Id. at 823–24.

 Appellant's attempt to distinguish his case from those already decided is not convincing. An affiant is not required to delineate his drug identification expertise within the four corners of the affidavit in order to provide a magistrate with sufficient probable cause to support the issuance of a search warrant. *Palmer v. State*, 614 S.W.2d 831; *Torres v. State*, 552 S.W.2d 821; *Pecina v. State*, 516 S.W.2d 401. Contrary to appellant's arguments, the affiant clearly swore that he was an eyewitness to the events immediately preceding and antecedent to the informant's purchase of marijuana at appellant's home. Likewise, at the time Officer Youngblood swore to the facts in the affidavit he had in his possession a baggy containing a leafy green plant substance procured from appellant's home by the informant. These facts provided adequate probable cause to authorize issuance of a warrant. In order to establish probable cause to search, a law enforcement officer does not have to conduct a chemical field test of the contraband or establish proof positive that a leafy green plant substance is in fact marijuana. Cf. *Houlihan v. State*, 551 S.W.2d 719; *Jordon v. State*, 486 S.W.2d 784; *Boothe v. State*, 474 S.W.2d 219. Thus, no error is shown in the trial court's admission of nine ounces of marijuana seized pursuant to the search warrant.

 The record reflects that the marijuana was recovered from appellant's mobile home on December 9, 1979. We find that the evidence supports the court's finding that appellant violated a condition of his probation by possessing a usable quantity of marijuana over four ounces.

No abuse of discretion is shown in the revocation of appellant's probation.

The appellant's motion for rehearing is denied.

## CONCURRING OPINION TO OPINION ON APPELLANT'S MOTION FOR REHEARING

TEAGUE, Judge.

I authored the original unanimous per curiam panel opinion, reaching the same proper result as does the majority—that appellant's appeal should be affirmed.[1]

I concluded, after reviewing the record, and still conclude, that appellant's own admission during the hearing, that he unlawfully possessed a usable quantity of marijuana, was sufficient in itself to sustain the trial court's order revoking appellant's probation.

It is axiomatic under the law which governs revocation of probation cases that if a probationer, during the motion to revoke hearing, takes the stand and testifies and admits that he violated the alleged condition of probation, this, alone, is sufficient to sustain the trial court's order revoking the probation and the conclusion that the trial court did not abuse its discretion in revoking the order of probation. See, for example, *Greathouse v. State*, 491 S.W.2d 149 (1973); *Mitchell v. State*, 482 S.W.2d 221 (1972).

It is also axiomatic under the law which governs revocation of probation cases that if the State alleges in its motion to revoke a greater offense, but proves a lesser offense, then there is no variance between the alle-

1. Judge T. Davis, the author of the opinion on appellant's motion for rehearing, was a member of that panel, as was Judge McCormick.

gation and the proof. See, for example, *Foote v. State*, 463 S.W.2d 445 (1971); *Barnes v. State*, 467 S.W.2d 437 (1971).

Here, it was incumbent upon the State to prove that appellant possessed a usable quantity of marijuana. The fact that the motion to revoke probation alleged a usable quantity in excess of four ounces is irrelevant and immaterial to a finding that appellant unlawfully possessed a usable quantity of marijuana. Again, all the State had to prove here was that appellant unlawfully possessed a usable quantity of marijuana. It accomplished this—through none other than appellant himself.

A probationer who testifies at the hearing on the State's motion to revoke is in no better or worse position than his trial counterpart. In *Myre v. State*, 545 S.W.2d 820, 825 (1977), the general rule governing a defendant testifying was stated as follows:

> ... When an accused voluntarily takes the stand before a jury he is subject to the same rules as any other witness. He may be contradicted, impeached, made to give evidence against himself, cross-examined as to new matter, and treated in every respect as any other witness testifying in behalf of the defendant, except when some statute forbids certain matters to be used against him, such as proof of his conviction on a former trial of the present case or his failure to testify on a former trial or hearing. *Brumfield v. State*, 445 S.W.2d 732, (1969). *It has been the consistent rule for many years that an accused may not take the witness stand before a jury for a limited purpose.* (Citations omitted.) (Emphasis added.)

In *Myre*, id., this Court also explicitly held:

> ... We hold that an accused may not take the stand before the jury for the limited purpose of contesting the voluntariness of his confession. *If he testifies before the jury he is subject to cross-ex-*

*amination the same as all other witnesses.* (at 825). (Emphasis added.)

There are, of course, several well known exceptions where a defendant may testify in a limited capacity: (1) in a preliminary hearing to determine the voluntariness of a confession, (2) in a preliminary hearing to determine the admissibility of an in court identification, and (3) on a preliminary motion to suppress where the claim is made there was an illegal search and seizure. None of these exceptions are applicable to this cause.

When any of the above exceptions apply, a probationer, like his counterpart, has the right to testify in a limited capacity as to preliminary motions.

In *Masters v. State*, 545 S.W.2d 180 (1977), this Court rightfully reversed and remanded an order of revocation where the trial court refused to permit a probationer to testify solely on the issue of the voluntariness of his confession. There, we held that the probationer could testify to that issue during the hearing, without subjecting himself to unlimited cross-examination by the prosecution on other issues.[2]

Thus, there should be no question that a probationer, like his accused counterpart, may testify in a limited capacity concerning *an evidentiary hearing on certain preliminary motions.* He may take the stand and limit his waiver of his privilege against self-incrimination to the preliminary issue presented. See *Franklin v. State*, 606 S.W.2d 818, 852 (1979) (Onion, P. J., concurring opinion on appellant's motion for rehearing).

Did this appellant come within any known exception? I find he did not. Today I feel this Court wrongfully adds another exception to the general rule regarding a probationer testifying at a hearing on a motion to revoke probation. After today,

**2.** It should be obvious to anyone there is a world of difference where a defendant wants to testify off the record to the issue of the voluntariness of a confession and where he wants to testify on the record to the defense of entrapment. But, as we shall see, that is not neces-

sarily so. In *Masters*, however, the opinion reflects the defendant wanted to testify "off the record," as to the voluntariness of his confession, and this Court correctly held he should have been permitted to so testify. ·

by the majority's silent holding, in a revocation of probation hearing, a defendant is now permitted to take the stand in a limited capacity to testify to the defense of entrapment, provided he makes known to the trial court the reason for so testifying.

The statement of facts of the hearing below reveals that the State first presented evidence concerning the obtaining and execution of a search warrant. Prior to the hearing, the appellant's attorney filed a motion to suppress, claiming the search warrant affidavit and search warrant were invalid, thus rendering the search illegal. After the hearing, the trial court ruled against appellant, overruling and denying the appellant's pre-trial motion to suppress.

Thereafter, the State presented evidence concerning appellant's original conviction for which he received probation. This evidence consisted of the original indictment, order granting probation, the judgment, and ancillary papers supporting the accusation and the probation, as well as a waiver of trial by jury.

The State then recalled its witness who testified at the motion to suppress hearing, as well as a chemist, and then rested its case.

Thereafter, appellant put on a witness who testified to certain jail records concerning the witness Heath, see the majority opinion, as well as to what kind of prisoner appellant had been since his arrest. Appellant also put on certain "character-reputation" witnesses.

The record then reflects the following:

3. Mr. Schenk was the attorney for the probationer.

4. Mr. Richie was the prosecutor for the State.

5. This statement of the trial judge does not affirmatively show that if he did not believe the appellant's defense of entrapment, then the appellant's testimony would, like refuse, be thrown out the back door.

6. From the above colloquy, it is obvious to me that the above does not show any assurances, representations, or qualifications on what use the trial judge could make of appellant's testimony. Our criminal justice system has long prided itself upon having an independent judici-

MR. SCHENK:[3] I want to put Mr. Richardson [the appellant] on for the limited purpose of the defense of entrapment.

THE COURT: *What now?*

MR. SCHENK: *Limited purpose of defense of entrapment.*

MR. RICHIE:[4] *We object to that.* If he had an entrapment defense to be brought before the Court prior to the time we went in the trial in chief that would be one thing, but *if he takes the stand I think he takes it for all purposes.*

THE COURT: *That's my basic understanding of the law, Mr. Schenk.*

MR. SCHENK: Well, the cases seem to indicate, Judge, that essentially you have a two-edged sword there. I mean, *you can put a witness on the stand for the limited purpose—*

THE COURT: *Show me a case.*

MR. SCHENK: *Okay.*

THE COURT: If you put him on on the limited purpose I have no quarrel whatsoever for that. *But you have to put him on prior to the hearing in chief has been the typical procedure I have indulged in.*

MR. SCHENK: *Well, entrapment is part of the hearing in chief.* It's not an—

MR. RICHIE: *Which has never been raised, your Honor.*

THE COURT: *Oh, bull, let's put him on for the limited purpose of entrapment.*[5] Get it done.

MR. SCHENK: *Well, it's a question of fact being determined by the Court.*

THE COURT: *Put him on. I'm listening.*[6]

ary that is separate and apart from the prosecution and the defense, as each in the past operated independently of one another, predicated upon each having their respective roles to play during a trial or a hearing. The majority today, by its silent holding, fractures that independence and virtually relegates our trial judges into the capacity of holding a defendant's hands, when his attorney makes an unheard of in law suggestion, as was done here. Prior to today, I have found no case where this Court has ruled that where a defense attorney has "blundered" in his trial tactics, we thereafter aided an appellant by overlooking that "blunder." Today, however, is apparently a

MR. SCHENK: All right. (Emphasis added.)

Thereafter, appellant testified and admitted that "I finally sold [Heath] some [marijuana]." In this instance, the delivery of the marijuana encompasses the act of possessing the marijuana. See *Jones v. State*, 586 S.W.2d 542 (1979).

Appellant's probation officer also testified for appellant, after which the trial court heard oral arguments of counsel and then ordered appellant's probation revoked.

The State's motion to revoke appellant's probation alleged that appellant unlawfully possessed in excess of four ounces of the controlled substance marijuana. It was therefore incumbent upon the State to prove that appellant unlawfully possessed a usable quantity of marijuana. Through appellant's own admission that he delivered to Heath a quantity of marijuana, which Heath smoked, this supplied the necessary evidence, i. e., possession and usable quantity of marijuana, of the State's burden. The amount of marijuana possessed by appellant was immaterial and irrelevant, as long as it was a usable quantity, to sustain the State's motion.

Entrapment is a rather unique *defense* in our law, see V.T.C.A.Penal Code, Sec. 8.06, as it is the only defense which is authorized to be tried *prior to the trial on its merits.* See *Bush v. State*, 611 S.W.2d 428, 432 (1981). We are not concerned in this cause with any pre-trial motion regarding the defense of entrapment, for none was filed.

*Craddock v. State*, 553 S.W.2d 765 (1977), reaffirmed the rule that "The harmful effect of improperly admitted evidence is not cured by the fact that the accused sought to meet, destroy or explain it by the introduction of rebutting evidence." See *Nicholas v. State*, 502 S.W.2d 169 (1973); *Alvarez v. State*, 511 S.W.2d 493 (1973). However,

*Craddock* is distinguishable from this cause for there the defendant filed a pre-trial motion to suppress evidence, which evidence resulted from a warrantless search. The opinion reflects that Craddock testified at a pre-trial motion to suppress hearing. Craddock also testified during his trial and admitted that he possessed the marijuana, which of course was a necessary predicate to his defense of entrapment. On rehearing, this Court rightfully held that its original panel opinion was in error when it used appellant's testimony at trial to reject his claim the trial court erred in overruling his motion to suppress. Unquestionably, the two issues were independent of one another.

However, here, as noted, a pre-trial motion to suppress was filed and a hearing was held thereon. However, appellant did not testify at the hearing on the motion. It was only after the revocation hearing was almost completed when appellant took the witness stand and testified in his behalf.

The majority of this Court, on appellant's rehearing, has concluded, as I did on original submission, that: "Appellant offered no evidence to support a prima facie finding that his possession of marijuana was as the result of entrapment."

In an apparent moment of exasperation, the trial judge did state to appellant and his counsel: "Oh, bull, let's put him on for the limited purpose of entrapment."

In the panel opinion, I wrote:

We also observe that in a revocation of probation hearing, if a defendant exercises his right to testify, he is subject to the same rules governing examination and cross-examination as any other witness. See *Jenkins v. Anderson*, 447 U.S. 231, 100 S.Ct. 2124, 65 L.Ed.2d 86 (1980); and *Brumfield v. State*, 445 S.W.2d 732 (1969).

new day in our criminal justice system. Trial judges are now forewarned: If a defense attorney makes an illogical and unsound suggestion to the trial judge, during a trial or a hearing, be prepared, for this Court may silently accept that suggestion at face value. If a trial judge, pursuant to Art. 28.01, V.A.C.C.P., affords a probationer a pre-trial hearing, by today's holding, it would also appear that the probationer's attorney may very well succeed in obtaining another hearing on that issue, not off the record of the hearing, Cf. *Masters v. State*, supra, but on the record of the hearing, and not have the probationer bound by his testimony adduced at either hearing.

Here, appellant exercised his right to testify at the hearing and made a judicial admission, by admitting not only that he possessed marijuana but also that he delivered marijuana to Heath, that he violated the condition of his probation that he not violate the laws of this State.

*Of course, if appellant had established the defense of entrapment, another question would be presented.* By the facts of this case, we hold he did not even come close to establishing that defense, either as a matter of fact or law.

Appellant's own admission that he violated the condition of probation that he violate no law of this State was sufficient, standing alone, to justify revoking his probation. See *Gamble v. State*, 484 S.W.2d 713, 715 (1972). Evidence which supports a finding that the appellant violated one condition of his probation is sufficient to sustain the order revoking probation. See *McDonald v. State*, 608 S.W.2d 192, 200 (1980). It is therefore not necessary for this Court to discuss appellant's contentions regarding a search warrant and the execution thereof. (Emphasis added.)

The facts in this cause and those found in *Craddock* are a far cry from one another. Craddock's record was properly perfected; this one is not.

The majority, by its silence, has engrafted a strange new rule of law onto our trial courts when a hearing on a State's motion to revoke probation is conducted. This appellant has not been denied or deprived of any rights under our law. By the colloquy between the prosecutor, the trial judge and defense counsel, see *supra*, it is apparent to me, contrary to what appellant's counsel stated in his motion for rehearing, to wit:

> The State has tempted Appellant with a statutory defense, and the trial Judge assured him of a shield when Appellant exercised that right. Then, when he took the bait the State snapped shut the prosecutorial jaws.

that there was no tempting by the prosecution, nor did the trial judge assure him of a shield, nor was there any offering of any "bait." However, there most certainly is, and successfully I might add, an attainment in law that is not warranted by these facts.

Where do we draw the line? If, under similar circumstances, a defendant "baits" a trial judge into letting him testify in a limited capacity to the defense of alibi, insanity, mistake of fact, mistake of law, intoxication, entrapment, or whatever,[7] and the trial judge rejects that defense, then, as that did not succeed, do we now allow that same defendant to come back and say, in so many words, "Well, that didn't work, so how about this?" And then present some other ground of error, hoping, I suppose, that it will be so unique in the annals of our criminal jurisprudence, that a majority of this Court will "take the bait," and rule favorably on the contention.

But, at a minimum, under the facts of this case, was the appellant not allowed to present his defense of entrapment? He did and it was rejected by the trial court. His attorney said: "Well, it's a question of fact being determined by this Court." Once the trial court rejected the appellant's "entrapment defense," was the trial judge then required to blot out of his mind what he heard from the lips of appellant. I think not. When appellant testified to his defense of entrapment, the admissions he made were sufficient to sustain the allegations of the State's motion to revoke appellant's probation. Although no one disagrees that appellant did not even make out a prima facie finding of entrapment, a majority of this Court is apparently now holding, silently I must add, that any testimony given by appellant in his "defense," is no longer usable by either the trial court or this Court. To this holding I respectfully dissent.[8]

---

**7.** I have yet to figure out how a defendant in a criminal hearing or a criminal trial may testify to a defense—in a limited capacity. However, as the majority does not so explain, perhaps

someday I will learn of this from another opinion of the majority.

**8.** I also find it extremely interesting that after appellant's counsel successfully induced or se-

Ordinarily, a probationer who appeals to this Court does not fare too well. By the past decisions of this Court it takes little to affirm a trial court's order of revocation. See, my dissenting opinion in *Hardman v. State*, 614 S.W.2d 123, 128 (1981). Perhaps, however, by today's holding, the Court makes up for this by its silent holding in this cause. Probationers can now rejoice that they, but not their accused counterpart, can testify at the hearing in a limited capacity to whatever defense their attorney thinks appropriate.

To the result reached, I concur.

McCORMICK, J., joins.

---

duced the trial judge into, by the majority's holding, allowing him to put on his "defense of entrapment" and not having the appellant bound by any admissions made at the hearing, that the transcription of the statement of facts before us never again shows counsel mentioning the word entrapment.