Carlos Herrerra Cumpian v. State
















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-294-CR

     CARLOS HERRERRA CUMPIAN,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 249th District Court
Somervell County, Texas
Trial Court # 304
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      In 1998, Carlos Herrera Cumpian pled guilty to “Felony Driving While Intoxicated” and was
sentenced to ten years in the Texas Department of Criminal Justice-Institutional Division. This
sentence was suspended, and Cumpian was placed on community supervision. In 2002, the State
filed a motion to revoke Cumpian’s community supervision alleging five violations of the
conditions of that order. After a hearing, the trial judge revoked his community supervision. 
Cumpian complains that the trial court erred by abusing its discretion because the evidence
presented was factually insufficient. We affirm.
      We review a revocation order under an abuse-of-discretion standard. Brumbalow v. State,
933 S.W.2d 298, 300 (Tex. App.—Waco 1996, pet. ref’d). Community supervision, once
granted, should not be arbitrarily withdrawn by the trial court; the court is not authorized to
revoke community supervision absent a showing that the probationer has violated a condition
imposed by the court. DeGay v. State, 741 S.W.2d 445, 449 (Tex. Crim. App. 1987) (en banc);
Quisenberry v. State, 88 S.W.3d 745, 749 (Tex. App.—Waco 2002, pet. ref’d). The State must
prove by a preponderance of the evidence that the defendant violated a condition of his community
supervision. Quisenberry 88 S.W.3d at 749; Brumbalow, 933 S.W.2d at 300. In a revocation
proceeding the judge is the trier of fact. Story v. State, 614 S.W.2d 162, 164 (Tex. Crim. App.
[Panel Op.] 1981). The court may accept or reject any or all testimony of any witness. McGuire
v. State, 537 S.W.2d 26, 28 (Tex. Crim. App. 1976). To sustain a revocation order, it is
necessary to find sufficient evidence which supports a finding that the appellant violated one
condition of his probation. Richardson v. State, 622 S.W.2d 852, 855 (Tex. Crim. App. [Panel
Op.] 1981).
      One of the conditions of Cumpian’s probation was that he “[c]ommit no offense against the
laws of this State . . . .” In its motion to revoke probation, the State alleged, inter alia, that on
or about August 25, 2001, Cumpian violated this condition by driving while “intoxicated by not
having the normal use of his mental and physical faculties by reason of the introduction of alcohol
into his body.” See Tex. Pen. Code Ann. §§ 49.01(2)(A), 49.04(a) (Vernon 2003).
      To support this allegation, Officer Kenneth Pearce testified that, on August 25, after
observing Cumpian “weaving back and forth” in a white Mercury, Officer Pearce pulled Cumpian
over for a traffic stop. Officer Pearce testified that Cumpian fell backwards and almost lost his
balance as he stepped out of his vehicle, that Cumpian’s eyes were bloodshot and watery, his
speech was slurred, he was swaying and unsteady, and his breath smelled of alcohol. Because of
these observations, Officer Pearce administered three field sobriety tests to Cumpian: the
Horizontal Gaze Nystagmus test; the walk-and-turn test; and the one-legged-stand test. After
describing each test and how he administered it, Officer Pearce explained that Cumpian failed all
three of the tests. As a result, Officer Pearce arrested Cumpian for driving while intoxicated.
      Cumpian contends that because 1) he did not drive in an unsafe manner the entire time that
Officer Pearce was observing him; 2) no police report or video was entered into evidence; and 3)
there were no intoxilizer breath test results; the State did not meet its burden of proving that he
had committed the offense of driving while intoxicated beyond a preponderance of the evidence. 
Cumpian does not cite any case law to support his theory that these factors are dispositive in this
case. We find that the State met its burden.
      Because we find factually sufficient evidence to support a finding that Cumpian violated a
condition of his community supervision by driving while under the influence of alcohol, we do not
find it necessary to discuss Cumpian’s contentions regarding the factual sufficiency of the evidence
supporting the trial court’s findings of other violations of the conditions of his community
supervision. See Richardson, 622 S.W.2d at 855.
      We affirm the order revoking Cumpian’s community supervision.
 
                                                                         BILL VANCE
                                                                         Justice

Before Chief Justice Gray,
      Justice Vance, and
      Judge Strother (Sitting by Assignment)



Affirmed
Opinion delivered and filed December 31, 2003
Do not publish
[CR25]