William Michael TUMLINSON,
Appellant,

v.

The STATE of Texas, Appellee.

No. 05–82–01079–CR.

Court of Appeals of Texas,
Dallas.

Nov. 29, 1983.

Rehearing Denied Dec. 28, 1983.

Discretionary Review Refused
May 2, 1984.

Richard McConathy, Dallas, for appellant.

Henry Wade, Dist. Atty., Jeffrey B. Keck, Asst. Dist. Atty., for appellee.

Before ALLEN, GUILLOT and STEWART, JJ.

ALLEN, Justice.

William Michael Tumlinson appeals his conviction for the offense of murder. The jury assessed his punishment at ninety-nine years confinement in the Texas Department of Corrections. In his initial ground of error, Tumlinson claims the trial court erred in admitting the testimony of Dr. Michael Murray over his objection that the testimony was a disclosure of confidential communications between Murray and Tumlinson in violation of TEX.REV.CIV.STAT. ANN. art. 5561h (Vernon Supp.1982–1983). We agree, and therefore, reverse and remand.

The defendant, William Michael Tumlinson, a staff sergeant in the United States Air Force, was stationed at Platsburg Air Force Base in New York. On March 30, 1982, while on leave in Dallas, Texas, Tumlinson went to the emergency room of the Air Force Regional Hospital at Carswell Air Force Base in Fort Worth, complaining that he was nervous, anxious, and had been contemplating suicide. Tumlinson was directed to Dr. Michael Murray, a psychologist licensed by the State of Texas, who was Chief of Psychological Services at the Air Force Regional Hospital. Tumlinson revealed to Dr. Murray his fears that he might have killed someone in Dallas. He described a vision of the face of Regina Gail Pruett, covered with blood and with a rope around her neck. Tumlinson explained that he had spent two or three days with Pruett during the last week and that he was afraid that he had killed her. Further, Tumlinson gave Dr. Murray the address and phone number of Regina Pruett and agreed orally for Dr. Murray to call the Dallas Police to inquire about any reports of injury to Regina Pruett. In his calls to the Dallas Police, Dr. Murray disclosed to them Tumlinson's identity and the details of his conversations with Tumlinson. Dr. Murray's calls prompted the Dallas Police investigation which led to the discovery of the body of Regina Pruett in her Dallas apartment. She had been strangled with a rope. Tum-

linson was indicted for the murder of Regina Pruett. The jury found him guilty of the offense of murder and assessed his punishment at 99 years in the Texas Department of Corrections.

At pre-trial, Tumlinson filed a motion in limine which was heard outside the presence of the jury. He sought to exclude any evidence (specifically the testimony of Dr. Murray) regarding the March 30, 1982, communications between Tumlinson and Dr. Murray, on the basis that the communications were privileged under TEX.REV.CIV. STAT.ANN. art. 5561h (Vernon Supp.1982–1983). The trial court overruled Tumlinson's motion in limine.

At his jury trial Tumlinson objected to the admission of his statements made to Dr. Murray on March 30, 1982, because such communications were privileged under Art. 5561h. The court overruled his objections and permitted Dr. Murray to testify to the details of his conversations with Tumlinson and to the contents of the calls he made to the Dallas Police. Tumlinson claims the trial court erred in admitting the testimony of Dr. Murray because his testimony was a disclosure of privileged confidential communications between a psychotherapist and patient in violation of Art. 5561h. He claims that the gravity of the error requires a reversal.

The psychotherapist-patient privilege statute, Art. 5561h V.A.T.S., is part of the Texas Mental Health Code. Its purpose is to protect mentally incompetent persons from the abuse of psychiatric examination and the use of the information thus gathered for any purpose other than civil commitment. *A.D.P. v. State,* 646 S.W.2d 568 (Tex.App.—Houston [1st Dist.] 1982, no writ). Article 5561h, Sec. 2(a), provides that "[c]ommunication between a patient/client and a professional is confidential and shall not be disclosed except as provided in Section 4 of this Act."

In deciding whether or not the admission of Dr. Murray's testimony violated Art. 5561h, we must first determine if the conversations between Tumlinson and Dr. Mur-

ray are "communications between a patient/client and a professional" under Art. 5561h and therefore confidential. If they are privileged confidential communications, we must then determine if there exist any exceptions to the privilege of confidentiality under Art. 5561h, Sec. 4.

It is undisputed that Dr. Murray, a psychologist licensed by the State of Texas, is a "professional" within the meaning of Art. 5561h. A "professional" is defined under Sec. 1(a) as "any person licensed or certified by the State of Texas in the diagnosis, evaluation, or treatment of any mental or emotional condition or disorder, or reasonably believed by the patient/client so to be." A "patient/client" is defined under Art. 5561h, Sec. 1(b), to be "any person who consults, or is interviewed by, a professional for purposes of diagnosis, evaluation, or treatment of any mental or emotional condition or disorder...." Michael Tumlinson went to the emergency room of the Air Force Regional Hospital at Carswell Air Force Base complaining that he was nervous, anxious, and had been thinking about committing suicide. Tumlinson was directed to Dr. Murray's office wherein Dr. Murray began to inquire into the reasons why Tumlinson was feeling suicidal. Therefore, we must hold that Tumlinson was a "patient/client" as defined in Art. 5561h, Sec. 1(b). As such, the communications between the patient/client, Tumlinson, and the professional, Dr. Murray, were confidential and should not have been disclosed unless under Sec. 4 of Art. 5561h, an exception to the privilege of confidentiality applied. Article 5561h, Sec. 4(a) lists the four exceptions to the privilege that apply "in court proceedings," while Sec. 4(b) of Art. 5561h lists six exceptions to the privilege which apply in "other than court proceedings."

The appellant alleges that the testimony of Dr. Murray should have been excluded because none of the exceptions that apply to "in court proceedings," as found in Sec. 4(a), are applicable in this case. Art. 5561h, Sec. 4(a), provides:

Sec. 4. (a) Exceptions to the privilege in court proceedings exist:

(1) when the proceedings are brought by the patient/client against a professional, including but not limited to malpractice proceedings, and in any criminal or license revocation proceedings in which the patient/client is a complaining witness and in which disclosure is relevant to the claim or defense of a professional;

(2) when the patient/client waives his right in writing to the privilege of confidentiality of any information, or when other persons listed in Subsection (b)(4) of Section 4 who are acting on the patient's/client's behalf submit a written waiver to the confidentiality privilege;

(3) when the purpose of the proceeding is to substantiate and collect on a claim for mental or emotional health services rendered to the patient/client; or

(4) when the judge finds that the patient/client after having been previously informed that communications would not be privileged, has made communications to a professional in the course of a court-ordered examination relating to the patient's/client's mental or emotional condition or disorder, providing that such communications shall not be privileged only with respect to issues involving the patient's/client's mental or emotional health. On granting of the order, the court, in determining the extent to which any disclosure of all or any part of any communication is necessary, shall impose appropriate safeguards against unauthorized disclosure.

The exception in Sec. 4(a)(1) is limited to proceedings brought by the patient/client against a professional, while the exception in Sec. 4(a)(3) applies in a proceeding to substantiate and collect on a claim for health services rendered; therefore, neither of these exceptions apply. Sec. 4(a)(4) is inapplicable because it applies when the patient/client has made communications to a professional in the course of a court-ordered examination. The State urges that the testimony of Dr. Murray was admissible because Tumlinson waived his privilege of confidentiality by orally agreeing for Dr. Murray to call the Dallas Police. Such a

contention is in direct contravention with Sec. 4(a)(2) which requires that in a court proceeding, the waiver of the privilege of confidentiality must be in writing.

■ Art. 5561h, Sec. 4(b) lists six exceptions to the privilege of confidentiality that apply "in other than court proceedings." In the instant case, the disclosure of confidential information was by Dr. Murray as he testified in a court proceeding, and, therefore, the exceptions in Sec. 4(b) which apply "in other than court proceedings" are inapplicable. Nevertheless, the State contends that the testimony of Dr. Murray is admissible because it falls within an exception to the privilege found in Sec. 4(b)(2), which allows a professional, in other than a court proceeding, to disclose confidential information "to medical or law enforcement personnel where the professional determines that there is a probability of imminent physical injury by the patient/client to himself or to others, or where there is a probability of immediate mental or emotional injury to the patient/client."

Assuming that Dr. Murray had determined that there was a probability of imminent physical injury by Tumlinson to himself or others, then Dr. Murray had the right to disclose confidential information to law enforcement personnel as he did; the disclosure to the Dallas Police over the telephone constituted a disclosure in a situation "other than a court proceeding." However, the exception in Sec. 4(b)(2) does not encompass the disclosure of confidential communications between "professional" and "patient/client" when the professional discloses the confidential information from the witness stand while testifying in a court proceeding.

Finally, the State argues that even if the communications between Dr. Murray and Tumlinson were confidential and no exceptions to the privilege existed under Sec. 4 of Art. 5561h, that Tumlinson, by virtue of his cross-examination of Dr. Murray, rendered the entire conversation between Murray and Tumlinson admissible pursuant to TEX. CODE CRIM.PROC.ANN. art. 38.24 (Vernon 1979). Art. 38.24 provides:

When part of an act, declaration or conversation or writing is given in evidence by one party, the whole on the same subject may be inquired into by the other, as when a letter is read, all letters on the same subject between the same parties may be given. When a detailed act, declaration, conversation or writing is given in evidence, any other act, declaration or writing which is necessary to make it fully understood or to explain the same may also be given in evidence.

The cases relied on by the State support the proposition that where the defendant is the first to introduce particular evidence, he cannot complain when the State introduces the remainder of that evidence.

■ In the instant case, it was the prosecution that first elicited from Dr. Murray the details of his conversation with Tumlinson. Tumlinson's cross-examination of Dr. Murray began with inquiries as to whether or not Tumlinson stated other reasons for feeling suicidal. The remainder of the cross-examination sought to establish that the necessary elements of Art. 5561h were present in order to raise the privilege of confidentiality. The harmful effect of improperly admitted evidence is not cured by the fact that the accused sought to meet, destroy, or explain it by the introduction of rebutting evidence. *Craddock v. State,* 553 S.W.2d 765, 766 (Tex.Cr.App.1977); *Nicholas v. State,* 502 S.W.2d 169 (Tex.Cr.App. 1973). Tumlinson's cross-examination of Dr. Murray merely sought to meet, destroy, or explain Dr. Murray's testimony and, therefore, did not cure its improper admission. We hold that the March 30, 1982, conversations between Tumlinson and Dr. Murray were privileged confidential communications under Art. 5561h, and that none of the exceptions in Art. 5561h, Sec. 4, which allow the disclosure of confidential information, apply in this case.

■ Rules of evidence prescribed in our civil statutes, where applicable, govern in criminal actions when not in conflict with provisions of the Texas Penal Code, or Texas Code of Criminal Procedure. TEX. CODE CRIM.PROC.ANN. art. 38.02 (Ver-

non 1979). Further, no evidence obtained in violation of the laws of the State of Texas shall be admitted in evidence against the accused in the trial of a criminal case where proper objection is timely raised. TEX.CODE CRIM.PROC.ANN. art. 38.23 (Vernon 1979). We hold that the trial court erred in admitting the testimony of Dr. Murray and that such error requires a reversal of the cause.

Having found that the appellant's first ground of error requires reversal and finding further that the matters complained of in the appellant's remaining grounds of error are unlikely to occur on retrial, it is unnecessary to consider the other grounds of error presented in this appeal. Accordingly, we reverse and remand.